Per Curiam.

In each of these similar cases, notwithstanding timely requests therefor, petitioners were denied a "manual stenographic record” (rather than a "mechanically recorded record”) in proceedings pending in the Housing Part of the Civil Court of the City of New York, Bronx County. Petitioners claim that they were entitled to manual stenographic records under the provisions of subdivision (k) of section 110 of the New York City Civil Court Act, and seek summary relief in proceedings under CPLR article 78.
Preliminarily in Bey we conclude that it was an abuse of discretion on the part of the courts below to grant class relief since in the circumstances here presented, governmental operations being involved, on the granting of any relief to the petitioners comparable relief would adequately flow to others similarly situated under principles of stare decisis.
Turning then to the applications of these petitioners we conclude that the orders of the Appellate Divisions should be reversed. It is true that the denial in each case has been found to have been based not in the exercise of discretion but in the ministerial execution of a peremptory administrative order of general application issued by the Administrative Judge. In such circumstances the statutory bar to article 78 relief because of the availability of alternative relief is not applicable (8 Weinstein-Korn-Miller, NY Civ Prac, pars 7801.06, 7801.07). Nonetheless, quite apart from the statutory provisions, we conclude that application for extraordinary relief under article 78 does not lie in view of the availability to petitioners of appellate review under the provisions of section 1702 of the New York City Civil Court Act, in the circumstances of these cases (op. cit., par 7801.07; cf. Matter of State of New York v King, 36 NY2d 59, involving criminal matters).
We do not reach the contentions advanced by the parties on the merits.
The orders of the Appellate Division should accordingly be reversed and the petitions dismissed.