■ In the Matter of Sara Cohen, By Her Guardian Ad Litem, Gertrude Greenker, Respondent, v Joseph D'Elia, as Commissioner of the Nassau County Department of Social Services, Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to (1) prohibit appellants from requiring recipients of Supplemental Security Income (SSI) payments to reestablish their eligibility for Medicaid and (2) direct appellants to institute procedures to assist persons seeking entry into nursing homes who lack the ability to complete verification requirements in the completion of such requirements, the appeal is from a judgment of the Supreme Court, Nassau County, entered April 15, 1976, which, *inter alia,* (1) held the petition moot with regard to the petitioner, (2) held that appellants' policy requiring SSI recipients to reapply for Medicaid when seeking nursing home care, is arbitrary, capricious and contrary to law and (3) directed appellants to institute certain changes in their policies and procedures regarding the extension of Medicaid assistance to SSI recipients. Judgment modified, on

the law and in the interest of justice, (1) by deleting therefrom the first decretal paragraph and substituting therefor a provision granting petitioner Sara Cohen permission to proceed individually and (2) deleting the sixth, seventh, eighth, ninth and tenth decretal paragraphs thereof. As so modified, judgment affirmed, without costs or disbursements, and matter remitted to the respondent Nassau County Commissioner of Social Services, with a direction to institute and establish within a reasonable time, not to exceed 60 days, regulations and procedures consistent herewith. The petitioner's acceptance of the financial relief requested would ordinarily have rendered her appeal moot. However, as the question presented is one of substantial importance and general interest, and because of the likelihood that it will recur, we hold that the appeal is properly before this court and that the petitioner may proceed in her individual capacity (see *Matter of Jones v Berman,* 37 NY2d 42; *People ex rel. Guggenheim v Mucci,* 32 NY2d 307). However, in this particular situation, class action relief is not necessary since governmental operations are involved and subsequent petitioners will be adequately protected under the principles of *stare decisis* (see *Matter of Rivera v Trimarco,* 36 NY2d 747). Petitioner is not required to exhaust her administrative remedies as to compel her to do so would be an exercise in futility and accord inadequate relief (see *Usen v Sipprell,* 41 AD2d 251; *Lesron Junior v Feinberg,* 13 AD2d 90). The policies of the appellants which require SSI recipients who seek entrance into a nursing home to (1) reapply for Medicaid despite their automatic eligibility and (2) obtain recertification for Medicaid prior to the termination of their SSI benefits, are arbitrary, capricious, and contrary to law. The reapplication process, as it exists, imposes an unnecessary burden upon applicants. The State Medicaid plan should be administered in a manner consistent with the best interests of the applicants. While the appellant county shall be prohibited from requiring SSI recipients to submit to a reapplication process prior to their entrance into a nursing home, since their eligibility is established by their status, the agency is not prohibited from promulgating regulations pertaining to periodic recertification of SSI recipients during their stay in the nursing home or to re-establishment of their eligibility upon termination of the SSI benefits. However, we are of the opinion that the promulgation of a plan to ameliorate the recertification and verification requirements for SSI recipients is within the province of the Nassau County Commissioner of Social Services, to whom we have remitted this matter (see *Matter of Jones v Berman, supra).* The commissioner shall formulate new rules and regulations and modify the existing procedures to conform with the following guidelines: SSI recipients should not be required to obtain recertification unless they are accorded due notice of the termination of their SSI benefits and have been institutionalized in a nursing home for one full calendar month; recertification forms, for use by the SSI recipients, shall be simplified to request only such information as is necessary for a determination of the applicant's continued eligibility; information already supplied and accepted by the Social Security Administration, or the State or county departments of social services, should not be duplicated; the local agency should avail itself of the services of the SSI State Data Exchange System in minimizing the demands of information gathering upon SSI recipients; and the commissioner should devise a procedure to determine whether SSI recipients have the ability to comply with the mechanics of the recertification procedures, and provide assistance to those who cannot comply therewith. Hopkins, Acting P. J., Damiani, Rabin, Shapiro and Titone, JJ., concur.