(January 17, 1977)

■ BOGA FORGE & MACHINE WORKS, INC., Respondent, v TRISON EXCAVATORS, INC., Appellant.—In a negligence action to recover for damages to property, defendant appeals from an order of the Supreme Court, Kings County, dated September 29, 1976, which, *inter alia,* granted plaintiff's motion for summary judgment. Order reversed, with $50 costs and disbursements, and motion denied. There are triable issues of fact for a jury (see *Sacramona v Scalia,* 36 AD2d 942). Hopkins, Acting P. J., Martuscello, Latham and Damiani, JJ., concur.

■ PATRICIA BRODY, Appellant, v MARY A. MERRILL, Respondent.—In a negligence action to recover damages for personal injuries arising out of an intersectional two-vehicle collision, plaintiff, a passenger in one of the vehicles, appeals from an order of the Supreme Court, Suffolk County, dated September 7, 1976, which denied her motion for summary judgment. Order affirmed, with $50 costs and disbursements. On the sparse record presented, we find that plaintiff has failed to establish that there are no triable issues. Hopkins, Acting P. J., Martuscello, Latham and Damiani, JJ., concur.

■ JOHN BRONTS, on His Own Behalf and on Behalf of All Others Similarly Situated, Appellant, v WILLIAM E. KIRWAN, Individually and as Superintendent of the New York State Police, et al., Respondents, et al., Defendants.—In an action, *inter alia,* to enjoin officers of the New York State Police from removing or evicting any person from real property when such person entered into possession of the real property as an incident of employment, plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Orange County, entered September 8, 1975, as dismissed the complaint against respondents. Order affirmed insofar as appealed from, without costs or disbursements. The plaintiff is not such a representative of a class as would entitle him to bring this action as a class action and, considered as an action by him individually, the complaint fails to set forth a cause of action against the respondents. Cohalan, Acting P. J., Rabin and Shapiro, JJ., concur; O'Connor, J., dissents and votes to modify the order by adding thereto a provision granting plaintiff leave to amend his complaint as against respondents so as to set forth facts sufficient to constitute a cause of action against them, with the following memorandum: It is true that no class action lies herein (cf. *Matter of Jones v Berman,* 37 NY2d 42; *Matter of Bey v Hentel,* 36 NY2d 747, 749; *Ray v Marine Midland Grace Trust Co.,* 35 NY2d 147), and that the complaint pleads no cognizable cause of action against respondents. However, the nature of plaintiff's allegations against respondents requires in the interests of justice, that he be given leave to amend his complaint, if he be so advised, so as to set forth, with particularity, the facts constituting respondents' direct involvement, if any, in his allegedly wrongful eviction.