Thomas M. Stark, J.
Motion for leave to prosecute as a class action is granted. This action seeks both declaratory and monetary relief (refund of allegedly excess cost of renewal of plumber’s license). While ordinarily the doctrine of stare decisis would operate so as to preclude the necessity of class-action relief in a declaratory judgment action, where the plaintiffs each also seek monetary relief in the way of refunds, a class action would be a proper vehicle. (Cf. Young v Shuart, 67 Misc 2d 689, mod on other grounds 39 AD2d 724; Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 901, C901:6.) Under the circumstances all similarly situated individuals (approximately 1,200) will obtain identical relief and the one judgment will be binding upon all.
The court has considered the five criteria set forth in CPLR 901 and finds that these criteria are met by this action. The court has further considered those factors set forth in CPLR 902 and finds:
1. That the interest of the members of the proposed class appears to be equal and represented by this action.
2. That there would be great impracticality in the prosecution and defense of 1,200 separate actions.
3. That there appears to be no other similar litigation pending by or against members of the class.
4. That it is desirable to have only one action in this forum.
5. That there will be little if any difficulty in managing the class action since all members of the class are known by name and address.
The proposed notice is approved (except that the word "made” is to be changed to "paid” at the end of the first full paragraph, an apparent mistake) and the proposed class will be as described.
The plaintiffs are directed to mail a copy of the notice of action to each member of the class as the members appear from the records of the county and to post a copy of such notice on the bulletin board of each of the town halls of the *873 respective 10 towns in Suffolk County. Costs of such notification are to be taxed if plaintiff is successful.