—In a proceeding pursuant to CPLR article 78, inter alia, to compel respondents to reinstate the petitioners to their teaching positions, the petitioners appeal, as limited by their notice of appeal and brief, from so much of a judgment of the Supreme Court, Kings County, dated October 31, 1977, as denied their application to certify the proceeding as a class action. Judgment reversed insofar as appealed from, on the law, without costs or disbursements, the proceeding is certified as a class action, and is remanded to Special Term for further proceedings consistent herewith. The petitioners are tenured teachers who, although licensed as high school teachers, accepted appointments to positions in junior high schools. The petitioners complain that they were improperly discharged as high school teachers because they are in the junior high school tenure area and there are other junior high school teachers with less seniority who were not discharged. The petitioners commenced the proceeding as a class action. They seek relief on the basis of section 231 of the by-laws of the board of education and on the theory that the respondents are estopped from denying that the petitioners are properly in the junior high school tenure area. Special Term denied the petitioners’ application to proceed as a class action (see CPLR 902). The court held that the issue of estoppel involves the factual question of reliance which is individual to each member of the class, making a class action inappropriate. The court also held that the issue concerned a governmental operation and *925 that any decision would inure to the benefit of subsequent petitioners. Special Term directed reinstatement for all but one of the petitioners. The court relied on two prior proceedings involving the same issue, Albergo v Christian (Supreme Ct, Kings County, Jan. 27, 1977, Index No. 10977/76) and Bayer v Board of Educ. (NYU, Feb. 18, 1977, p 12, col 4). In the Albergo case, the court based its decision on section 231 of the by-laws of the board of education and the Bayer case involved the equitable estoppel doctrine. Special Term erred in denying the application for class action status. The five prerequisites of a class action (see CPLR 901) have been satisfied by the petitioners. There is no substantial question that: (1) joinder of all members of the class would be impractical; (2) the claims of the petitioners are typical of the class; (3) the petitioners will adequately protect the class; and (4) a class action will be more efficient than having multiple suits on this same issue. The only arguable issue is whether there are individual questions of law and fact which predominate over the common questions (see CPLR 901, subd a, par 2). We hold that there are not. To the extent that the petitioners are entitled to relief pursuant to section 231 of the by-laws of the board of education, there is clearly a common question of law which predominates over individual circumstances. Furthermore, the applicability of this section is largely dispositive of the petition. To the extent that the petitioners rely on the theory of estoppel, the peculiar circumstances of this case substantially minimize any individual question of reliance. Unlike the usual advertising misrepresentation and fraud cases (see, e.g., Strauss v Long Is. Sports, 60 AD2d 501), reliance is not the key variable. Here, the estoppel does not stem from a particular inducement to purchase a particular product or join a certain endeavor. Rather, the estoppel is premised upon a notice that if the licensed high school teachers accept appointment as junior high school teachers, then they will be removed from the high school eligibility list. Such notice essentially constitutes a statement of rights (and consequences) over which the teachers have no control. Any teacher who accepted appointment in a junior high school necessarily relied on the notice as a statement of future rights. Such reliance is immediately established by the teachers’ acceptance of tenure in the junior high school area. Moreover, Special Term’s reliance on Matter of Rivera v Trimarco (36 NY2d 747), holding that a class action did not lie because the case involved a governmental operation and stare decisis would control, is misplaced in the case at bar. The respondents, as evidenced by this proceeding, have no intention of reinstating subsequent petitioners without a court order. They continue to raise the same defenses and will preclude later petitioners by claiming the bar of the Statute of Limitations. Accordingly, we hold that all the prerequisites of CPLR article 9 have been met by the petitioners and that they are entitled to certification as a class. Therefore, respondents shall allow discovery to determine the full extent of the class. Martuscello, J. P., Rabin and Hawkins, JJ., concur; Latham, J., dissents and votes to affirm the judgment insofar as it has been appealed from.