■ In the Matter of BERTHA HOLMES et al., Appellants, v STEVEN R. AIELLO, Individually and as President of the New York City Board of Education, et al., Respondents.—In a proceeding pursuant to CPLR article 78, brought as a class action, to compel respondents to comply with chapter 537 of the Laws of 1976, which statute mandates the establishment of a school breakfast program, the petitioners, parents of children attending public schools in the City of New York, appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County, dated February 27, 1978, as (1) denied them permission to bring this suit as a class action, (2) dismissed the petition as to respondents the Community School Boards of Districts 11, 18, 20, 22, 25, 28, 29, 30 and 31, and their individual members, and (3) granted the petition against the respondent New York City Board of Education and its members, to the extent that the court found such respondents liable for schools under the supervision of the respective community school boards of the aforesaid districts. Judgment affirmed insofar as appealed from, without costs or disbursements. Chapter 537 of the Laws of 1976, effective July 20, 1976, requires the establishment of a school breakfast program in certain cities by the appropriate " 'school district' ". The term "school district" is defined in section 1 (subd a, par iii) of chapter 537 as: "a city school district of a city with one hundred twenty-five thousand inhabitants or more according to the latest federal census which participated on or after January first, nineteen hundred seventy-six in the National School Lunch Program." The adoption of the New York City Community School District System (decentralization) (see Education Law, art 52-A, § 2590 *et seq.),* did not change the fundamental concept of the "city school district" of the City of New York. In subdivision 1 of section 2590-a of the Education Law, the term "city district" is defined as "the city school district of the city of New York." Furthermore, section 2590-b (subd 1, par [a]) of the Education Law states, in pertinent part that "The board of education of the city school district of the city of New York is hereby continued." Therefore, we hold that the Board of Education of the City of New York (the central board) has the responsibility for implementing the breakfast program not only in the high schools and special programs under its jurisdiction, but in all public schools throughout the City of New York even though those schools are under the jurisdiction of community school boards of the various districts. Permission to proceed as a class action was properly denied. In this particular situation, class action relief is not necessary since governmental operations are involved and subsequent petitioners will be adequately protected under the principle of *stare decisis* (see *Matter of Rivera v Trimarco,* 36 NY2d 747, 749; *Matter of Cohen v D'Elia,* 55 AD2d 617, 618). Hopkins, J. P., Damiani, Rabin and Margett, JJ., concur.