JACOBUS BEEKMAN et al., on Behalf of Themselves and on Behalf of All Other Disabled Retirees Similarly Situated, Appellants, v CITY OF NEW YORK et al., Respondents.

First Department, January 4, 1979

## APPEARANCES OF COUNSEL

*Arthur I. Strier* of counsel *(Sales & Strier,* attorneys), for appellants.

*Larry Sonnenshein* of counsel *(L. Kevin Sheridan* with him on the brief; *Allen G. Schwartz, Corporation Counsel),* for respondents.

## OPINION OF THE COURT

*Per Curiam.*

Plaintiffs are firemen who were retired due to disability. At the time of their retirement, they were required to retire

immediately and were not given allowance for earned terminal leave and accrued vacation time. This policy was instituted by the City of New York in 1975. Litigation was instituted resulting in a determination that disabled firemen could not be forced into immediate retirement but rather must be allowed to take earned terminal leave and accrued vacation time before the effective date of retirement *(Matter of City of New York v Vizzini,* NYLJ, Aug. 11, 1975, p 9, col 3, affd on opn at Special Term 54 AD2d 535).

After the *Vizzini* case, the Fire Department afforded the opportunity to members retiring due to disability to request terminal leave and accrued vacation time. Those who had already retired were allowed to request credit for leave and vacation time but were advised that the effective date of their retirement would be changed, and that there may be changes in their position regarding their tax liability and pension allowances.

Plaintiffs, retirees who would like now to claim credit for leave, brought this suit alleging that they are entitled to a lump-sum payment and to retain their original retirement dates. Plaintiffs moved at Special Term for an order determining that the action may be maintained as a class action. Special Term denied the motion and we would reverse.

There is no quarrel but that four of the five prerequisites outlined in CPLR 901 necessary to maintain a class action have been met. It is urged by the defendants, however, that one prerequisite is missing; viz., that a class action would be superior to other available methods for the fair and efficient adjudication of the controversy (CPLR 901, subd 5).

The claim of the defendants is grounded on the thesis that where governmental operations are involved, then *stare decisis* would afford adequate protection to both present and future members of the class and a class action would be unnecessary *(Matter of Rivera v Trimarco,* 36 NY2d 747, 749; *Matter of Jones v Berman,* 37 NY2d 42, 57).

In the case at bar, however, we are dealing with a large number of people in a class which has already been defined and limited; namely, that group which was denied terminal leave and vacation accrual prior to the *Vizzini* decision. Each member is seeking damages, and the failure to afford class relief will result in a plethora of cases being brought in the Civil Court (since the claims are primarily within the jurisdictional amount of that court). To that extent, this case differs

from *Rivera* and its progeny, which dealt with classes with indefinite numbers and with claims against government agencies that would repeatedly arise and which would be best resolved by the doctrine of *stare decisis.*

Furthermore, any other retirees in a similar position to that of the present plaintiffs wishing to institute suit would first have to await the outcome of the present action in order to benefit from the doctrine of *stare decisis.* To allow the action to be maintained on behalf of the class would bring more prompt resolution of the issues for all concerned. On balance, we conclude that a class action would be the superior vehicle for prosecution of the present claim.

Accordingly, the order of the Supreme Court, New York County (NADEL, J.), entered May 25, 1978, denying plaintiffs' motion to maintain the action as a class action, should be reversed, on the law and the facts, and the motion granted, without costs or disbursements.

BIRNS, SILVERMAN, FEIN and LANE, JJ., concur; KUPFERMAN, J. P., dissents and would affirm on opinion of NADEL, J., at Special Term.

Order, Supreme Court, New York County, entered on May 25, 1978, reversed, on the law and the facts, without costs and without disbursements, and the motion to maintain the action as a class action granted.