■ HARRY AMMON et al., Respondents, v SUFFOLK COUNTY et al., Appellants.—In an action, *inter alia,* to declare invalid, as unreasonable and

excessive, the fees charged by defendants for the annual renewal of plumbers' licenses and certificates of competency in Suffolk County, defendants appeal from an order of the Supreme Court, Suffolk County, entered August 4, 1977, which, *inter alia,* granted class action certification. Order affirmed, with $50 costs and disbursements. Plaintiffs, who are master plumbers licensed by the defendant Suffolk County Department of Consumer Affairs, have been required since the adoption of Local Law No. 17 of the Local Laws of 1971 of the County of Suffolk, to pay an annual renewal fee in the amount of $100 to retain their respective licenses or certificates of competency. They have commenced the instant class action to declare so much of that fee as exceeds $35 per year unreasonable and excessive and violative of their constitutional rights. In addition, plaintiffs are seeking an injunction against the collection of the $100 annual fee *in futuro* and a refund of the "excess" moneys collected. Special Term granted class action certification and determined the class to be "all plumbers licensed or holding Certificates of Competency issued by the Department of Consumer Affairs of Suffolk County who have renewed their licenses or Certificates of Competency and/ or also will renew same at the expiration of the term of the current license or certificate of competency." As presently certified, the class is comprised of approximately 120 people. It is not disputed that four of the five prerequisites to the maintenance of a class action outlined in CPLR 901 (subd a, pars 1-4) have been satisfied, but it is argued in support of reversal that one of the prerequisites is lacking, i.e., that a class action would be "superior to other available methods for the fair and efficient adjudication of the controversy" (CPLR 901, subd a, par 5). Defendants claim that where governmental operations are involved a class action is unnecessary, since *stare decisis* will afford adequate protection to the present and future members of the proposed class (see, e.g., *Matter of Martin v Lavine,* 39 NY2d 72; *Matter of Jones v Berman,* 37 NY2d 42; *Matter of Rivera v Trimarco,* 36 NY2d 747). We cannot agree. Under the circumstances of the instant case, where we are dealing with a large, readily definable class seeking, *inter alia,* money damages, and where the questions of law and fact are virtually identical as to each member of the class, it is our opinion that maintenance of a class action is the superior method of adjudication. It is notable in this regard that the case at bar is distinguishable from *Matter of Rivera v Trimarco (supra)* and the other cases cited above in that we are dealing here with a readily definable class whose members are seeking not only a declaration of invalidity and a permanent injunction, but also monetary relief in the form of a refund of any "excess" fees which may have been collected from them since January, 1972. As a result, victory for the individual plaintiffs in the absence of class relief will only result in a plethora of actions being brought for identical relief, with the consequent delay and added expense associated with multiple actions (see *Beekman v City of New York,* 65 AD2d 317). Moreover, in view of the small sums which individual plaintiffs would be entitled to recover (according to the complaint, a maximum of $65 per year for a maximum of seven or eight years), it is plausible, if not probable, that many potential plaintiffs entitled to less than the maximum recovery will have to forego bringing suit, or will find the prospects of individual litigation economically unappealing. As to these plaintiffs, it can scarcely be argued that their rights "will be adequately protected under the principles of *stare decisis*" (*Matter of Jones v Berman,* 37 NY2d 42, 57, *supra*). Finally, it should be noted that in the instant case there would appear to be no enormous or insurmountable administrative problems to be encountered in implementing class relief (cf. *Matter of Martin v Lavine,* 39 NY2d 72, 75,

*supra).* Accordingly, we believe that under the circumstances of this particular case, it was not an abuse of discretion for Special Term to grant class action certification. Titone, J. P., Rabin, Gulotta and Shapiro, JJ., concur.

Cohalan, J., dissents and votes to reverse the order and deny class action certification, with the following memorandum: Where a governmental agency is involved as a defendant in an action it is presumed that if one plaintiff of many is successful against it, all the others similarly situated will qualify as the beneficiaries of the initial litigation on the theory of *stare decisis (Baumes v Lavine,* 38 NY2d 296; *Matter of Jones v Berman,* 37 NY2d 42; *Matter of Rivera v Trimarco,* 36 NY2d 747). To depart from this principle is to stultify the governmental process. [90 Misc 2d 871.]