■ DOMINICK PALMIERI, Appellant, v INSURANCE COMPANY OF NORTH AMERICA, Respondent.—In a proceeding to recover first-party benefits pursuant to article 18 of the Insurance Law, the claimant appeals from a judgment of the Supreme Court, Westchester County, entered October 16, 1978, which (1) denied his application to vacate and set aside the award of the arbitrator and (2) granted the cross motion to confirm the award. Judgment affirmed, with $50 costs and disbursements. The claimant-appellant was aware of the facts upon which he based his argument of bias on the part of the arbitrator prior to the award and failed to object; thus, he waived the opportunity to challenge the award on that ground (see *Matter of Milliken Woolens [Weber Knit Sportswear]*, 11 AD2d 166, affd 9 NY2d 878). In any event, the fact that the arbitrator is a member of a law firm that represents insurance companies and that he has been the adversary of appellant's attorney in certain matters does not support a claim of bias. Arbitrators may determine the applicable rules and facts without their award being subject to revision unless there is "complete irrationality" *(Lentine v Fundaro,* 29 NY2d 382, 385). A review of the record in this case indicates that the award was rational. Rabin, J. P., Shapiro, Cohalan and Martuscello, JJ., concur.

■ ROBERT PEARE et al., Respondents, v SUFFOLK COUNTY SEWER AGENCY et al., Appellants.—In an action, *inter alia,* (1) to declare invalid the exaction of deposits towards future sewer assessments and (2) for monetary relief, defendants appeal from an order of the Supreme Court, Suffolk County, entered October 18, 1977, which granted class action certification. Order affirmed, with $50 costs and disbursements (see *Ammon v Suffolk County,* 67 AD2d 959). Titone, J. P., Rabin, Gulotta and Shapiro, JJ., concur.

Cohalan, J. dissents and votes to reverse the order and deny class action certification (see dissenting mem of Mr. Justice Cohalan in *Ammon v Suffolk County,* 67 AD2d 959).