Gabrielli, J.
(dissenting in part). I respectfully dissent in part. While I agree with the majority’s decision to sustain the Appellate Division affirmance of the award of summary judgment to the named petitioner, I cannot concur in this court’s action in limiting all relief to the named petitioner only, solely because of Special Term’s failure to follow proper procedures for certification of a class action. Rather, I would remit the matter to Special Term for a determination, as mandated by CPLR article 9, whether class action status is appropriate in this instance and, if so, for certification of the proper class.
This article 78 proceeding was commenced by petitioner O’Hara as a class action brought on behalf of himself and all "those persons employed as Supreme Court Reporters in the County of Westchester, New York who have been denied payment of their authorized and approved travel vouchers by the County of Westchester”. The petition alleged that since November, 1975 Westchester County had refused to reimburse court reporters for travel expenses incurred while assigned to Supreme Court, Westchester County. The relief requested was twofold: payment of all vouchers already submitted, and an order instructing the county to continue to honor such vouchers in the future.
Some 26 days after the proceeding was commenced, and without filing an answer, respondents moved to dismiss the petition on the ground that it failed to state any cause of action since the State, and not Westchester County, was liable for the court reporters’ travel expenses, and, further, that the petitioner had failed to seek reimbursement from the State. Petitioner O’Hara opposed the motion to dismiss, contending that pursuant to section 313 of the Judiciary Law the county was responsible for these expenses. Additionally, O’Hara requested the court to direct respondents to file and serve an answer. Instead, some 16 days after the motion to dismiss was made, Special Term sua sponte and without notice to the *371 parties converted the motion to dismiss into a motion for summary judgment, and granted summary judgment ordering respondents to "pay all submitted travel vouchers which have been properly certified” as well as those to be submitted in the future.
Respondents moved to reargue, contending that it was error to award summary judgment without notice and without affording respondents an opportunity to answer, and that the court had also erred in granting relief to the class without following the procedures provided by CPLR article 9. Special Term granted the motion to reargue, but then adhered to its original decision, concluding that summary judgment was proper because the only issue presented in the proceeding was the question of law raised on the motion to dismiss, and that there was no need for a class certification procedure since "the class to which the ruling applies is small and their identities are a matter of record”. Respondents appealed to the Appellate Division, which affirmed, and we then granted respondents leave to appeal to this court.
I am in full agreement with the conclusion reached by the majority of this court that we should not set aside the grant of summary judgment to O’Hara, the named petitioner. I cannot concur, however, in the majority’s arbitrary dismissal of the claims of the other members of the class at this late date simply because Special Term acted hastily in granting relief to the class. I know of no rule of law or equity which supports this result, and I find it to be both unjust and repugnant. Where the court of first instance prematurely grants relief to a litigant, the proper corrective action is remittal for continuation of the proceeding, not dismissal of the claim. The rule followed by the majority would, in effect, seem to mandate that in any case in which we decided that the courts below erred by granting summary judgment to a plaintiff despite the existence of a question of fact, we should then dismiss the complaint rather than remitting for further proceedings. So stated, the oddity of this proposition is manifest, and yet that is, in effect, what the majority of this court has determined to do in this instance.
This result is especially abhorrent because the flaw in the certification of the class is not due to any action or inaction upon the part of the petitioner, but rather is solely the result of Special Terms’ precipitous decision. To penalize the as yet unknown members of the class and to deprive them of the *372 right to recover which would otherwise result from the grant of summary judgment to the named petitioner, solely because of judicial error, is both unjust and unreasonable. CPLR 902 requires the person who commences a class action to move for permission to maintain the action as a class action within 60 days after the time for service of a responsive pleading has expired. In this instance, the time for service of an answer never expired because summary judgment was granted sua sponte first, and hence the time within which petitioner was required to move for class certification never began to run. In short, petitioner had no opportunity to correct what this court now deems to be not merely error, but fatal error.
I note that it is quite possible that class certification would not be proper in this instance. For one thing, the class does indeed appear to be quite small, and class certification is available only if "the class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable” (CPLR 901, subd a, par 1). Moreover, class certification might be improper insofar as this proceeding is aimed at the correction of errors in governmental operations, since "on the granting of any relief to the [named petitioner] comparable relief would adequately flow to others similarly situated under principles of stare decisis” (Matter of Bey v Hentel, 36 NY2d 747, 749; accord Matter of Martin v Lavine, 39 NY2d 72, 75; Matter of Jones v Berman, 37 NY2d 42, 57). That rationale, however, would appear inapplicable where an accrued claim for damages or monetary relief is involved, for relief to subsequent petitioners would in no way aid those other members of the class whose valid claims might otherwise become time-barred in the interim. Moreover, our concern for the possible impaired efficiency of governmental operations is less justifiable where the claims are not likely to repeatedly arise and the class of claimants may be readily defined (see Beekman v City of New York, 65 AD2d 317, 318-319). At any rate, these determinations must be made in the first instance by the court of original jurisdiction, not by this court.
Accordingly, I vote to modify the order appealed from by remitting the matter to Supreme Court, Westchester County, for further proceedings on the issue of class certification, and would otherwise affirm.
Judges Jasen, Wachtler and Fuchsberg concur with Judge *373 Jones; Judge Gabrielli dissents in part and votes to modify in a separate opinion; Chief Judge Cooke taking no part.
Order modified, without costs, in accordance with the opinion herein and, as so modified, affirmed.