■ In the Matter of JAMES DUDLEY, Appellant, v ROBERT KERWICK, as Assessor of the Town of Hardenburgh, et al., Respondents. (Proceeding No. 1.) In the Matter of the STATE OF NEW YORK, Appellant, v ROBERT KERWICK, as Assessor of the Town of Hardenburgh, et al., Respondents. (Proceeding No. 2.) — Remittitur from the Court of Appeals *(Matter of Dudley v Kerwick,* 52 NY2d 542), which reversed this court's orders of dismissal in the instant proceedings and remitted the matters for further proceedings in accordance with the Court of Appeals opinion. Petitioner James Dudley is a taxpayer in the Town of Hardenburgh, County of Ulster, who has neither applied for nor received any exemption from real property taxes, and petitioner State of New York likewise owns land situated in the Town of Hardenburgh and has neither applied for nor received an exemption from real property taxes. Respondents are Town of Hardenburgh officials and all those persons, partnerships, associations or entities who have been afforded an exemption from real property taxes on the 1977-1978 Town of Hardenburgh tax roll. The present litigation resulted from the dramatic increase in the number of parcels of land accorded tax-exempt status for 1977-1978 by the assessor of the Town of Hardenburgh, respondent Robert Kerwick, the subject increase being due to the enrollment, en masse, of 88% of the town's landowners as officers of the Universal Life Church. The pertinent underlying facts are fully set forth in the Court of Appeals opinion in *Matter of Dudley v Kerwick (supra).* Ultimately, in its decision reversing the orders of this court, the Court of Appeals held that relief by way of a CPLR article 78 proceeding is available to petitioners and that the persons who benefited from the religious exemption from taxation are necessary parties. Accordingly, it remitted the matters to this court for a decision regarding the propriety of permitting petitioners to sue as a class on behalf of themselves and other similarly situated taxpayers and to join as a respondent class the exempted property owners. Prior to our ruling on these questions, we initially find without substance two other procedural objections made by respondents. In its decision, the Court of Appeals found, at least by inference, that the instant proceedings were timely commenced, and at any rate, it is clear from the record that the proceedings were properly commenced within four months of the filing of the final tax roll on July 27, 1977 as required by CPLR 217. Similarly unpersuasive is respondents' argument that the court lacks jurisdiction over the necessary parties. All of the exempted property owners were

served with the notice of petition by certified mail before November 15, 1977, as provided in an order to show cause issued by Special Term, and CPLR 308 (subd 5) gives a court the necessary discretion to permit special modes of service when, as here, service is impracticable under the other subdivisions of the section. With respect to the proposed class treatment of petitioners and other similarly situated taxpayers, it should be allowed. Applying the prerequisites to a class action contained in CPLR 901, we find in this instance that the class is numerous, that there are questions of law and fact common to the class which predominate over any questions affecting only individual members, that the representatives' claims are typical of those of the class and that the conduct of the representatives to date indicates that they will fairly and adequately protect the interests of the class. Moreover, since petitioners seek money damages, i.e., the recoupment of excess taxes paid because of the allegedly illegal exemptions, and questions of law and fact are presented which are virtually identical for all members of the proposed class, recognition of a petitioner class of nonexempt property owners would provide a method of recovery far superior to individual proceedings by each nonexempt owner even though governmental operations are involved in this case (cf. *Ammon v Suffolk County,* 67 AD2d 959). Similarly, the better procedure would be to join as a respondent class the exempted property owners. As with petitioners, the application of the prerequisites of CPLR 901 would seem to indicate that these exempted property owners could also be most suitably treated as a class. It should be noted that these owners are alleged to have worked in concert with town officials to obtain the exemptions, and, consequently, the defense provided by the town will, in all likelihood, fairly and adequately protect the interests of the individual owners. Moreover, should an individual owner feel that he will not be adequately protected by the class representative, he may request an exclusion from the class under CPLR 903, and the court may allow him to appear individually under CPLR 907 (subd 2). In sum, both petitioners' class and respondents' class should be certified so that this dispute involving competing claims of so many individuals in the town can be resolved in an expeditious manner that is both fair and practical. In both proceedings, class action certification granted for petitioners and respondents and matter remitted for further proceedings in accordance with the opinions of this court and the Court of Appeals. Kane, J.P., Main, Mikoll and Herlihy, JJ., concur.