THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOEL A. SCHIPSKI et al., Appellants, v WALTER J. FLOOD, as Warden of the Nassau County Correctional Center, Respondent. (And Two Other Actions.)

Second Department, July 26, 1982

APPEARANCES OF COUNSEL

*Matthew Muraskin* (*Robert J. Raubach, Michael J. Obus* and *Morton J. Marshack* of counsel; *Mark R. Hammer* on the brief), for appellants.

*Edward G. McCabe, County Attorney, (Joshua A. Elkin* of counsel), for respondents.

OPINION OF THE COURT

*Per Curiam.*

This is an appeal by petitioners from so much of a judgment of the Supreme Court, Nassau County (VELSOR, J.), entered March 16, 1981, as denied their request for class action treatment and dismissed so much of their consolidated proceedings as challenged the respondents' 22-hour per day lock-in policy with respect to certain pretrial detainees.

■ Initially the respondents argue that because none of the named appellants is at the present time incarcerated at the Nassau County Correctional Center, this matter should be deemed academic and the appeal dismissed. We disagree inasmuch as the lock-in of pretrial detainees will doubtless recur and because the questions presented on this appeal are of substantial importance and general interest. (See *Matter of Hearst Corp. v Clyne,* 50 NY2d 707; *Matter of Jones v Berman,* 37 NY2d 42, 57; *Matter of Cohen v D'Elia,* 55 AD2d 617, 618.)

■ At all times in these proceedings the respondents have represented that the administrators of the Nassau County Correctional Center will comply with any judicial determination in this matter. That being so, we are convinced that any subsequent pretrial detainees similarly situated to petitioners will be adequately protected under the principle of *stare decisis* and that Special Term correctly concluded that class action relief is not necessary in these proceedings. (See, e.g., *Matter of Jones v Berman, supra; Matter of Rivera v Trimarco,* 36 NY2d 747; *Matter of Holmes v Aiello,* 65 AD2d 815; *Matter of Cohen v D'Elia, supra.*)

Having thus disposed of the procedural aspects of this appeal, we shall now consider the substantive issue presented by these consolidated proceedings.

The petitioners were pretrial detainees confined in a special housing unit at the Nassau County Correctional Center known as the lock-in tier. The principal issue raised

in these proceedings is the Nassau County Correctional Center's policy of confining inmates housed in the lock-in tier to their cells for 22 hours per day. The petitioners' contention is that the practice is neither reasonable nor necessary to the maintenance of security and is, therefore, constitutionally infirm. Conversely, the respondents contend that the reason for the lock-in tier is to maximize the protection to be afforded to the inmates housed in the tier and that the 22-hour lock-in policy is an appropriate response on their part to maintain security at the center. In essence, it is the respondents' position that to insure inmate safety for those in protective custody, certain restrictions must be allowed. The parties agree that the primary purpose of the lock-in tier is protective custody and that almost all of the inmates are placed in the lock-in tier at their own request.

In *Cooper v Morin* (49 NY2d 69, cert den 446 US 984), Judge MEYER, writing for the majority of the Court of Appeals, found unacceptable the Federal due process test enunciated by the Supreme Court in *Bell v Wolfish* (441 US 520) and held that those incarcerated in New York prior to conviction are entitled to greater rights under the New York State Constitution. The issue in *Cooper* was contact visitation to pretrial detainees. With respect thereto the majority stated that the validity of any regimen imposed upon pretrial detainees requires "a balancing of the harm to the individual resulting from the condition imposed against the benefit sought by the government through its enforcement" (*supra,* p 79), and the majority took pains to point out that economic considerations bear little weight in the balancing process (*supra,* pp 81-82). Thus, as noted by Judge GABRIELLI in his dissent, the majority adopted the position "that restrictions on the liberties of pretrial detainees [in New York's jails] must meet the exacting standard of 'compelling governmental necessity' in order to be sustained" (*supra,* p 83).

Applying that standard here, we find no compelling government necessity which can justify the blanket confinement for a minimum 22 hours per day of all inmates in protective custody at the Nassau County Correctional Center, and hold that the 22-hour lock-in policy simply does

not pass constitutional muster. (See *Lock v Jenkins,* 641 F2d 488; *Ramos v Lamm,* 485 F Supp 122; see, also, *Campbell v Cauthron,* 623 F2d 503.)

Thus, we hold that the conditions of incarceration of pretrial detainees in protective custody at the Nassau County Correctional Center violate their rights to due process insofar as all such inmates are locked in their cells for a minimum of 22 hours per day without regard for the individual situation of each detainee. While it may be that the safety of certain individual pretrial detainees will mandate such restrictive confinement, that particular determination can, and should, be made on a case-by-case basis and cannot be relied upon as support for the universal 22-hour lock-in procedure now in effect.

In sum, we hold that absent special circumstances related to the safety of an individual inmate, pretrial detainees held in protective custody are to be afforded additional out-of-cell time consistent with the stability and security of the Nassau County Correctional Center. Therefore, we modify the order of Special Term and remit the matter to that court for the framing of an appropriate order based on adequate guidelines to be drawn at Special Term after such further hearings or deliberations as may be deemed necessary. In view of the nature of the conditions involved, we direct that the matter be disposed of with appropriate dispatch.

The judgment should be modified in accordance with this opinion and the matter remitted to Special Term for prompt proceedings consistent herewith. The judgment otherwise should be affirmed insofar as appealed from.

TITONE, J. P., LAZER, BROWN and NIEHOFF, JJ., concur.

Judgment of the Supreme Court, Nassau County, entered March 16, 1981, modified, on the law, by deleting the provision which dismissed so much of the proceedings as challenged respondents' 22-hour per day lock-in policy with respect to certain pretrial detainees and substituting a provision declaring the policy in question to be unconstitutional. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. The proceedings are remitted to Special Term for further proceed-

ings consistent with the opinion herein; said further proceedings are to be conducted as soon as practicable.