■ In the Matter of PATRICIA CARNAHAN, Appellant, v PETER McWALTERS, as Superintendent of the Rochester City School District, et al., Respondents.—Judgment unanimously affirmed without costs. Memorandum: Special Term dismissed this petition, holding that petitioner lacked standing. We agree that the petition should be dismissed but for different reasons.

Petitioner asserts that the Peer Assistance and Review (PAR) Program conflicts with and supersedes the provisions of Education Law § 3033 and the regulations of the Commissioner of Education (8 NYCRR part 85), and she seeks to prohibit further implementation of the Program. A significant part of the PAR Program involves the assessment and evaluation of intern teachers. We conclude that petitioner, as a school administrator, has interests which the regulations seek to protect (see, 8 NYCRR 85.2 [b] [2] [iii]) and that, if her claims are meritorious, the PAR Program will have a harmful effect upon her administrative duties and responsibilities. Under the circumstances, petitioner has standing to bring this

proceeding *(see, Matter of Bradford Cent. School Dist. v Ambach,* 56 NY2d 158).

The petition purports to seek relief in the nature of a writ of prohibition. Such relief is available, however, only where the administrative body acts in a judicial or quasi-judicial capacity *(Matter of American Tr. Ins. Co. v Corcoran,* 65 NY2d 828, 830), which is not the case here. We have, therefore, treated the proceeding as one for mandamus *(see, Matter of Holmes v Aiello,* 65 AD2d 815). To warrant mandamus relief, petitioner must demonstrate a clear right to relief, and the right to performance "must be so clear as not to admit of reasonable doubt or controversy" *(Matter of Burr v Voorhis,* 229 NY 382, 387; *see also, Matter of Association of Surrogates & Supreme Ct. Reporters v Bartlett,* 40 NY2d 571, 574). Petitioner has failed to demonstrate that the PAR Program contravenes any positive and nondiscretionary mandate of either section 3033 of the Education Law or 8 NYCRR part 85. The Program does not limit the duty of school administrators to evaluate classroom teachers. We find no express provision in the Program description regarding the classroom workload of intern teachers or the certification requirements of mentor teachers. Although the Program authorizes full-time mentor, or consulting, teachers, Education Law § 3033 permits full-time mentor teachers for no more than 2 of 5 consecutive years. In sum, petitioner has failed to demonstrate a right to mandamus relief, and the petition should be dismissed. (Appeal from judgment of Supreme Court, Monroe County, Siracuse, J.—art 78.) Present—Dillon, P. J., Denman, Balio, Lawton and Davis, JJ.