■ In the Matter of the Arbitration between MOTI NAMDAR, Respondent, and ELI MIRZOEFF, Appellant.—Order and judgment (one paper), Supreme Court, New York County (Karla Moskowitz, J.), entered January 20, 1989, which confirmed an arbitration award rendered on February 12, 1988 by a unanimous five-member appeal committee of the Diamond Dealers Club, Inc. in favor of petitioner for the sum of $64,767.91, is unanimously affirmed, with costs.

The underlying facts of this case concern the sale of a sapphire sold by Moti Namdar and Shmuel Nissim to Eli Mirzoeff. The arbitrators subsequently determined that Mirzoeff owed Namdar the negotiated price of the sapphire. Namdar moved to confirm the award. Mirzoeff opposed the motion alleging that the arbitrators were prejudiced against him, the award was irrational and the arbitration proceeding was marred by procedural irregularities. The IAS court granted the petition to confirm the award and rejected Mirzoeff's contentions.

Courts have fostered a clear judicial policy in favor of noninterference in arbitration proceedings. *(Matter of Sprinzen [Nomberg]*, 46 NY2d 623.) In a consensual arbitration such as this one, arbitrators are not bound either by principles of substantive law or the rules of evidence. *(Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308.) Rather, the burden of proof is on the party alleging the misconduct and such misconduct must be proven "clear[ly] and convincing[ly]". *(Matter of Wiener Furniture Co. [Kingston City Schools Consol.]*, 90 AD2d 875.) Upon our review of this record, we conclude that Mirzoeff has not sufficiently demonstrated his allegations of the arbitrators' misconduct.

A party who proceeds with an arbitration with actual knowledge of bias on the part of an arbitrator or facts that should have prompted further inquiry, waives his objection to the arbitration. *(Matter of Stevens & Co. [Rytex Corp.]*, 34 NY2d 123, 129.) In this case, the alleged prejudice of the arbitrators was known to Mirzoeff before completion of the arbitration proceeding. Mirzoeff, however, did not raise the alleged bias until well after the arbitration award was rendered. Accordingly, the claims relating to the arbitrators' alleged prejudice have been waived. *(See, Matter of Siegel [Lewis]*, 40 NY2d 687, 690.)

We have considered Mirzoeff's other claims and find them to be meritless. Concur—Kupferman, J. P., Sullivan, Ross, Carro and Kassal, JJ.