■ In the Matter of MICHAEL HOLCOMB et al., Respondents, v ANDREW O'ROURKE et al., Appellants. (Proceeding No. 1.) In the Matter of HELEN E. HETHERINGTON et al., Respondents, v ANDREW O'ROURKE et al., Appellants. (Proceeding No. 2.) [679 NYS2d 698] —In consolidated proceedings pursuant to CPLR article 78, *inter alia,* to compel the County of Westchester to reinstate the petitioners to their positions of employment, Andrew O'Rourke, Anthony Giambruno, and the County of Westchester appeal, by permission and as limited by their brief, from so much of an interlocutory judgment of the Supreme Court, Westchester County (LaCava, J.), entered September 26, 1997, as certified and described a class of former employees of the County of Westchester entitled to reinstatement and back pay as a result of the abolishment of their positions of employment during the 1995 fiscal year.

Ordered that the interlocutory judgment is affirmed insofar as appealed from, with costs.

The petitioners commenced these proceedings after their employment with the County of Westchester was terminated in 1995, alleging that the County had acted improperly in eliminating their positions without obtaining from the County Board of Legislators a corresponding amendment to the County budget. They also sought class certification on behalf of others similarly situated. The Supreme Court granted class certification in favor of the petitioners. The appellants contend that the certification of the class was unnecessary and the class as described was overinclusive.

The Supreme Court did not improvidently exercise its discretion in granting class action certification. As a general rule, class action relief is considered unnecessary where governmental operations are involved because subsequent petitioners will be adequately protected under the principle of stare decisis (*see, Rivers v Katz,* 67 NY2d 485, 499; *Matter of Martin v Lavine,* 39 NY2d 72, 75; *Matter of Jones v Berman,* 37 NY2d 42,

57; *Matter of Rivera v Trimarco,* 36 NY2d 747, 749). Here, however, the rule does not apply since the potential petitioners, approximately 300 identifiable individuals, are a large, readily definable class seeking relatively small sums of damages and the predominant issue was whether the petitioners' jobs were improperly abolished by the appellants during the 1995 fiscal year without action by the Board of Legislators to amend the budget (*see, Ammon v Suffolk County,* 67 AD2d 959; *Beekman v City of New York,* 65 AD2d 317; 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 901.20; *cf., Oak Beach v Town of Babylon,* 100 AD2d 930; *Brodsky v Selden Sanitary Corp.,* 85 AD2d 612).

The appellants' remaining contentions, which in part rely on factual allegations dehors the record, are without merit. Ritter, J. P., Thompson, Santucci and Joy, JJ., concur.