■ JAMES TOSNER et al., Respondents, v TOWN OF HEMPSTEAD et al., Appellants. [785 NYS2d 101]—

In an action, inter alia, for a judgment declaring that the plaintiffs James Tosner and Denise Lane and others similarly situated are full-time employees entitled to the benefits of certain collective bargaining agreements dated January 1, 1998, and January 1, 2001, respectively, between the defendant Town of Hempstead and the plaintiff Civil Service Employees Association, Inc., A.F.S.C.M.E., Local 1000, A.F.L.-C.I.O., by its Local 880, the defendants appeal from an order of the Supreme Court, Nassau County (Peck, J.), entered May 21, 2003, which, after a hearing, granted the plaintiffs' motion for class action certification pursuant to CPLR article 9.

Ordered that the order is affirmed, with costs.

CPLR article 9, which authorizes class actions and sets forth the criteria to be considered in granting class action certification, must be liberally construed (see *Kidd v Delta Funding Corp.,* 289 AD2d 203 [2001]; *Liechtung v Tower Air,* 269 AD2d 363 [2000]; *Friar v Vanguard Holding Corp.,* 78 AD2d 83, 91 [1980]). The determination to grant class action certification

rests in the sound discretion of the trial court (*see Liechtung v Tower Air, supra* at 364; *see also Kidd v Delta Funding Corp., supra* at 203; *Friar v Vanguard Holding Corp., supra* at 100). Contrary to the defendants' contention, the Supreme Court providently determined that the statutory criteria set forth in CPLR 901 were satisfied, and that class certification was warranted (*see Branch v Crabtree,* 197 AD2d 557 [1993]; *Dagnoli v Spring Val. Mobile Vil.,* 165 AD2d 859 [1990]; *Friar v Vanguard Holding Corp., supra*). Significantly, once the court determines who is a full-time employee under the relevant collective bargaining agreements, the principal issues affecting the class members' rights will have been determined (*see Mimnorm Realty Corp. v Sunrise Fed. Sav. & Loan Assn.,* 83 AD2d 936, 937-938 [1981]).

While class certification is generally disfavored where governmental operations are involved and subsequent plaintiffs will be adequately protected under the principle of stare decisis (*see e.g. Matter of Jones v Berman,* 37 NY2d 42, 57 [1975]; *Matter of Rivera v Trimarco,* 36 NY2d 747, 749 [1975]), that rule does not apply where, as here, the purported class consists of a large number of identifiable individuals seeking monetary damages (*see Matter of Holcomb v O'Rourke,* 255 AD2d 383, 383-384 [1998]; *Matter of Dudley v Kerwick,* 84 AD2d 884, 885 [1981]; *Ammon v Suffolk County,* 67 AD2d 959 [1979]; *Beekman v City of New York,* 65 AD2d 317, 318-319 [1979]).

The defendants' remaining contentions either were never properly raised before the Supreme Court (*see Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn.,* 63 NY2d 201, 218-219 [1984]), or are without merit. S. Miller, J.P., Schmidt, Mastro and Fisher, JJ., concur.