In the Matter of RODNEY BELLONY, Petitioner, v CHERYL CHAMBERS et al., Respondents. [800 NYS2d 733]—

Proceeding pursuant to CPLR article 78 in the nature of prohibition to prohibit the enforcement of an ex parte lockdown order of the Supreme Court, Kings County (Chambers, J.), dated September 10, 2004, as amended October 20, 2004 (Gary, J.), which imposed various restrictive terms on his pretrial detention.

Adjudged that the petition is denied, and the proceeding is dismissed, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman*, 71 NY2d 564, 569 [1988]; *see Matter of Rush v Mordue*, 68 NY2d 348, 352 [1986]).

As a pretrial detainee, the petitioner has certain due process rights under the United States Constitution and the New York Constitution (*see Bell v Wolfish*, 441 US 520 [1979]; *Cooper v Morin*, 49 NY2d 69 [1979], *cert denied sub nom. Lombard v Cooper*, 446 US 984 [1980]). Under the more protective state due process requirements (*see Cooper v Morin, supra*), inmates' rights must be balanced against the security concerns of the institution (*id.* at 81). As this Court observed in *People ex rel. Schipski v Flood* (88 AD2d 197 [1982]), where it struck a 22-hour blanket lock-in policy for pretrial detainees, "restrictions on the liberties of pretrial detainees [in New York's jails] must meet the exacting standard of compelling governmental necessity in order to be sustained" (*id.* at 199, quoting *Cooper v Morin, supra* at 83 [Gabrielli, J. dissenting] [internal quotation marks omitted]).

In the matter at bar, the People demonstrated a compelling governmental necessity for the ex parte lockdown order, as amended (hereinafter the lockdown order). Contrary to the petitioner's contentions, he had no right to notice and an opportunity to be heard in the first instance to challenge the People's application (*see Alvarez v Snyder*, 264 AD2d 27 [2000], *lv denied* 95 NY2d 759 [2000], *cert denied sub nom. Diaz v Snyder*, 531 US 1158 [2001]; *see also People v Whitt*, 304 AD2d 378 [2003]). In addition, the People demonstrated that the petitioner's isolation from other prisoners and the restrictions on his visitation and communication were reasonably related to a legitimate government purpose (*id.*; *cf. United States v Basciano*, 369 F Supp 2d 344 [2005]).

We note that in subsequent amendments to the lockdown order dated July 26, 2005, and August 11, 2005, the Supreme Court (Chun, J.), inter alia, permitted the petitioner to receive visits from his attorney's law student intern and to speak by telephone with his mother, wife, and grandmother once per week under certain conditions. Thus, the petitioner's challenges to paragraphs three and four of the lockdown order insofar as they precluded visits from his attorney's law student intern and telephone calls with his mother, wife, and grandmother, have been rendered academic (*see Chertok v Chertok*, 150 AD2d 327 [1989]). S. Miller, J.P., Ritter, Crane and Fisher, JJ., concur.