McGrath v Suffolk County (2024 NY Slip Op 06190)

McGrath v Suffolk County

2024 NY Slip Op 06190

Decided on December 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
HELEN VOUTSINAS, JJ.

2023-02642
 (Index No. 608155/16)

[*1]Robert McGrath, etc., respondent, 
v
Suffolk County, et al., appellants.

Christopher J. Clayton, County Attorney, Hauppauge, NY (Jackie L. Gross of counsel), for appellants.
Taus, Cebulash & Landau LLP, New York, NY (Miles Greaves, Kevin S. Landau, and Brett Cebulash of counsel), for respondent.

DECISION & ORDER
In a putative class action, inter alia, for declaratory relief, the defendants appeal from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated February 9, 2023. The order granted the plaintiff's motion pursuant to CPLR article 9 for class certification.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this putative class action against the defendants, Suffolk County and the Suffolk County Traffic and Parking Violations Agency, inter alia, for declaratory relief and to recover damages for unjust enrichment, fraud, and negligent misrepresentation. The complaint alleged, among other things, that the defendants' imposition of a $30 monetary fine/"administrative fee" in excess of $50, or in excess of $75 with a statutory authorized late fee, upon vehicle owners for violations of the defendants' red-light camera program was unlawful, inasmuch as Vehicle and Traffic Law § 1111-b limited liability to $50 per violation. In an order dated April 27, 2020, the Supreme Court, inter alia, denied the defendants' motion for summary judgment dismissing the complaint and granted the plaintiff's cross-motion for summary judgment, in effect, declaring that the "defendants' imposition of monetary liability for vehicle owners in excess of $50.00, or $75.00 with a statutory authorized late fee, for a red light violation issued through the Red Light Safety Program is void as a matter of law." By decision and order dated November 27, 2024, this Court affirmed the order dated April 27, 2020, insofar as appealed from (see McGrath v Suffolk County, ___ AD3d ___ [Appellate Division Docket No. 2020-04467]).
In February 2021, the plaintiff moved pursuant to CPLR article 9 for class certification. In an order dated February 9, 2023, the Supreme Court granted the motion. The defendants appeal.
"CPLR article 9, which authorizes and sets forth the criteria to be considered in granting class action certification, is to be liberally construed" (Beller v William Penn Life Ins. Co. of N.Y., 37 AD3d 747, 748; see Dowd v Alliance Mtge. Co., 74 AD3d 867, 869). "The proposed class representative bears the burden of establishing compliance with the requirements of both CPLR 901 and 902, and the determination to grant class action certification ultimately rests in the sound discretion of the trial court" (Krobath v South Nassau Communities Hosp., 178 AD3d 805, 806 [citation omitted]; see Cooper v Sleepy's, LLC, 120 AD3d 742, 743).
"As a general rule, class action relief is considered unnecessary where governmental operations are involved because subsequent [plaintiffs] will be adequately protected under the principle of stare decisis" (Matter of Holcomb v O'Rourke, 255 AD2d 383, 383; see Matter of Jones v Berman, 37 NY2d 42, 57; Tosner v Town of Hempstead, 12 AD3d 589, 590). Here, however, that rule does not apply since the class consists of a large number of identifiable individuals seeking, inter alia, relatively small sums of damages (see Matter of Graves v Doar, 62 AD3d 874, 876; Tosner v Town of Hempstead, 12 AD3d at 590; Matter of Holcomb v O'Rourke, 255 AD2d at 384; Ammon v Suffolk County, 67 AD2d 959, 960; cf. Neama v Town of Babylon, Commercial Garbage Dist. No. 2, 18 AD3d 836, 838).
Further, contrary to the defendants' contention, the plaintiff demonstrated that "there are questions of law or fact common to the class which predominate over any questions affecting only individual members" (CPLR 901[a][2]). There is no merit to the defendants' contention that the plaintiff failed to satisfy the commonality requirement by failing to allege that any or all of the proposed class members paid the challenged fee under protest. "The commonality requirement of CPLR 901(a)(2) cannot be determined by any mechanical test and the fact that questions peculiar to each individual may remain after resolution of the common questions is not fatal to the class action" (Krobath v South Nassau Communities Hosp., 178 AD3d at 807 [internal quotation marks omitted]). Moreover, under the circumstances of this case, the applicability of the voluntary payment doctrine is a common issue among the proposed class members, not an individualized issue (see In re Cablevision Consumer Litig., No. 10-CV-4992, 2014 WL 1330546, at *11, 2014 US Dist. Lexis 44983, at *34 [EDNY, No. 10-CV-4992] ; Dupler v Costco Wholesale Corp., 249 FRD 29, 45 [EDNY]).
The defendants' remaining contentions are without merit.
Accordingly, the Supreme Court providently exercised its discretion in granting the plaintiff's motion pursuant to CPLR article 9 for class certification.
CONNOLLY, J.P., MILLER, WARHIT and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court