■ Bayside 45th Drive Corp., Respondent, v Saleh Mugalli et al., Defendants, and 145 Court Street Realty Corp., Proposed Defendant-Intervenor-Appellant. [684 NYS2d 897] —In an action to foreclose a mortgage, the proposed defendant-intervenor appeals from (1) an order of the Supreme Court, Kings County (G. Aronin, J.), dated December 17, 1997, which denied its motion for leave to intervene, and (2) an order of the same court, dated April 3, 1998, which denied its motion for reargument of the prior motion.

Ordered that the appeal from the order dated April 3, 1998, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated December 17, 1997, is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The Supreme Court properly concluded that the attempt by the proposed defendant-intervenor, 145 Court Street Realty Corp., to prove its interest in the mortgage was barred by the parol evidence rule (*see,* General Obligations Law § 5-703; *Kolbe v Projects & Joint Ventures Intl.,* 186 AD2d 988; *cf., GIT Indus. v Rose,* 81 AD2d 656, *affd* 62 NY2d 657). Nor is there any merit to the proposed defendant-intervenor's claim that there was part performance of an oral agreement so as to take this case outside the Statute of Frauds (*see, Anostario v Vicinanzo,* 59 NY2d 662, 664). Santucci, J. P., Joy, Friedmann and Goldstein, JJ., concur.

■ Peter Bratin et al., Appellants, v Flushing Savings Bank, Respondent. [687 NYS2d 380] —In an action to, *inter alia,* recover damages for violation of Real Property Law § 275, the plaintiff appeals from an order of the Supreme Court, Queens County (Posner, J.), dated January 5, 1998, which granted the defendant's motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiffs' contention, the provision in their mortgage rider with the defendant requiring them to pay a reasonable attorney's fee for the preparation of a satisfaction of mortgage is not a violation of Real Property Law § 275. In addition, we find no conduct on the part of the defendant which can be considered a deceptive business practice in violation of General Business Law § 349 *et seq.* Mangano, P. J., Santucci, Krausman and Florio, JJ., concur.