■ THOMAS A. DOUGHERTY, Respondent-Appellant, v NORTH FORK BANK, Appellant-Respondent. [753 NYS2d 130] —In an action to recover damages for alleged violations of General Business Law § 349 and Real Property Law § 274-a, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (O'Connell, J.), dated December 20, 2001, as denied its motion for summary judgment dismissing the complaint and granted the plaintiff's cross motion to compel certain discovery, and the plaintiff cross-appeals,

as limited by his brief, from so much of the same order as denied that branch of his cross motion which was for summary judgment.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the claim for recovery of a "Satisfaction Fee," and substituting therefor a provision granting that branch of the motion, and (2) deleting the provisions thereof denying those branches of the cross motion which were for summary judgment on the claims for recovery of the "Facsimile Fee" and the "Quote Fee," and substituting therefor provisions granting those branches of the cross motion; as so modified, the order is affirmed, without costs or disbursements.

In connection with the plaintiff's sale of a condominium, his attorney requested a payoff statement from the mortgage holder, the defendant North Fork Bank (hereinafter North Fork). In response, North Fork sent the plaintiff's attorney a "Satisfaction Statement," which, in addition to the outstanding principal and interest, charged the plaintiff a $5 "Facsimile Fee," a $25 "Quote Fee," and a $100 "Satisfaction Fee" for preparation of the satisfaction. When the sale of his condominium closed, the plaintiff paid the above-mentioned fees to North Fork. Subsequently, the plaintiff commenced the instant action against North Fork pursuant to Real Property Law § 274-a and General Business Law § 349 to recover the facsimile fee, the quote fee, and the satisfaction fee. The plaintiff also alleged that the action should be certified as a class action pursuant to CPLR 901. Prior to discovery, North Fork moved for summary judgment dismissing the complaint. In response, the plaintiff cross-moved, inter alia, for summary judgment on the complaint.

The Supreme Court improperly denied that branch of the plaintiff's motion which was for summary judgment insofar as he sought recovery of the facsimile fee and the quote fee. Pursuant to Real Property Law § 274-a (2) (a), North Fork was prohibited from charging the plaintiff "for providing the mortgage related documents" (*see Negrin v Norwest Mtge.*, 263 AD2d 39). The assertion that the plaintiff voluntarily agreed to pay those fees is not a defense to this claim (*id.*). However, the Supreme Court improperly denied that branch of North Fork's motion which was for summary judgment dismissing the plaintiff's claim to recover the satisfaction fee, i.e., the attorney's fee for the preparation of the satisfaction of mortgage. Real Property Law § 274-a does not prohibit the imposition of

such a fee, and the plaintiff agreed to pay such a fee in a rider to his mortgage (*see Bratin v Flushing Sav. Bank,* 259 AD2d 510).

Finally, the Supreme Court properly directed North Fork to provide the plaintiff with discovery prior to determining the plaintiff's request for class action certification (*see* CPLR 902; *Geiger v American Tobacco Co.,* 252 AD2d 474).

The parties' remaining contentions are without merit. Feuerstein, J.P., S. Miller, Friedmann and Cozier, JJ., concur.