■ ELIZABETH MARCHIONNI et al., Respondents, v MICHAEL DREXLER, Appellant. [803 NYS2d 196]—In an action, inter alia, to recover damages for intentional infliction of emotional distress, etc., the defendant appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Sherwood, J.), dated October 8, 2004, as denied that branch of his motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7), and (2) from an unsigned transcript of the same court dated October 28, 2004.

Ordered that the appeal from the unsigned transcript is dismissed, without costs or disbursements, as no appeal lies therefrom (*see Modica v Modica*, 15 AD3d 635 [2005]); and it is further,

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

On a motion to dismiss an action pursuant to CPLR 3211 (a) (7), the court must accept as true the factual allegations of the complaint and accord the plaintiff all favorable inferences which may be drawn therefrom (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). If the plaintiff can succeed upon any reasonable view of the allegations, the complaint may not be dismissed (*see Board of Educ. of City School Dist. of City of New Rochelle v County of Westchester*, 282 AD2d 561, 562 [2001]). Here, the plaintiffs sufficiently pleaded a cause of action to recover damages for intentional infliction of emotional distress (*see Howell v New York Post Co.*, 81 NY2d 115, 121-22 [1993]; *Murphy v American Home Prods. Corp.*, 58 NY2d 293, 303 [1983]; *Fischer v Maloney*, 43 NY2d 553, 557 [1978]). Accordingly, that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7) was properly denied.

The defendant's remaining contentions are without merit. Goldstein, J.P., Skelos, Fisher and Lunn, JJ., concur.