■ Sandra Pettit Dowd, Formerly Known as Sandra J. Pettit, Appellant-Respondent, v Alliance Mortgage Company, Respondent-Appellant. [822 NYS2d 558]—

In a putative class action to recover damages, inter alia, for violation of Real Property Law § 274-a, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated March 23, 2005, as granted those branches of the defendant's motion which were to dismiss the causes of action to recover damages for unjust enrichment and for money had and received, and the defendant cross-appeals from so much of the same order as denied those branches of its motion which were to dismiss the causes of action to recover damages for violations of Real Property Law § 274-a and General Business Law § 349 (a).

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was to dismiss the cause of action to recover damages for money had and received and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the plaintiff, and the cause of action to recover damages for money had and received is reinstated.

The plaintiff purchased a condominium that was partially funded by a loan secured by a mortgage in favor of the defendant mortgage company. When the plaintiff contracted to sell the condominium, she requested a payoff statement from the defendant. The defendant provided the statement but charged the plaintiff a $20 "priority handling fee" and unspecified "Additional Fees." After paying those amounts, the plaintiff commenced this putative class action to recover damages, inter alia, for violations of Real Property Law § 274-a and General Business Law § 349 (a), and for unjust enrichment and money had and received. The defendant moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint. The Supreme Court should have denied that branch of the motion which was to dismiss the cause of action to recover damages for money had and received.

Pursuant to Real Property Law § 274-a (2), the defendant was prohibited from charging the plaintiff for providing mortgage-related documents (see *Dougherty v North Fork Bank*, 301 AD2d 491 [2003]; *Negrin v Norwest Mtge.*, 263 AD2d 39 [1999]). Those documents include a payoff statement (see *Dougherty v North Fork Bank, supra*; *Negrin v Norwest Mtge., supra*). Neither the assertion that the plaintiff voluntarily

agreed to pay those fees nor the absence of allegations of a written demand for the payoff statement constitutes a defense (*see Dougherty v North Fork Bank, supra; Negrin v Norwest Mtge., supra*). We decline the defendant's invitation to reexamine our holding in *Negrin* to that effect. The complaint also sufficiently alleged causes of action to recover damages for violations of General Business Law § 349 (a), and for money had and received (*see Dougherty v North Fork Bank, supra*).

The plaintiff's remaining contention is without merit. Florio, J.P., Crane, Ritter and Fisher, JJ., concur.