■ LAUREN BELLER, Respondent, v WILLIAM PENN LIFE INSURANCE COMPANY OF NEW YORK, Appellant. [830 NYS2d 759]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Nassau County (Warshawsky, J.), entered October 31, 2005, which granted the plaintiff's motion for class action certification pursuant to CPLR article 9.

Ordered that the order is affirmed, with costs.

In 2002 the plaintiff commenced the instant action alleging, inter alia, that the defendant William Penn Life Insurance Company of New York breached the provisions of its flexible premium adjustable life insurance policies. Specifically, she asserted that the defendant was not following the cost of insur-

ance provisions in the policies when calculating the annual premiums to be paid by policyholders and that the premiums were in excess of what they should have been according to the terms of the policies.

In September 2004 the plaintiff moved for class action certification pursuant to CPLR article 9 and the defendant opposed the motion. The Supreme Court granted the plaintiff's motion and certified the class, limiting its members to policyholders who paid premiums on their flexible premium adjustable life insurance policies after March 20, 1996 and whose premiums increased without regard to the factors contained in the cost of insurance provisions of their policies.

CPLR article 9, which authorizes and sets forth the criteria to be considered in granting class action certification, is to be liberally construed (*see Lauer v New York Tel. Co.*, 231 AD2d 126, 130 [1997]; *Friar v Vanguard Holding Corp.*, 78 AD2d 83, 91 [1980]). "The determination to grant class action certification rests in the sound discretion of the trial court" (*Tosner v Town of Hempstead*, 12 AD3d 589, 589-590 [2004]; *Lauer v New York Tel. Co., supra*). The Supreme Court providently exercised its discretion in certifying the class. Contrary to the defendant's contentions, the plaintiff satisfied the statutory criteria set forth in CPLR 901, and class action certification was warranted (*see Jacobs v Macy's E., Inc.*, 17 AD3d 318 [2005]; *see also Tosner v Town of Hempstead, supra*; *Friar v Vanguard Holding Corp., supra*). Schmidt, J.P., Rivera, Covello and Balkin, JJ., concur.