■   MARC MACDONELL et al., Appellants-Respondents, v PHH MORTGAGE CORPORATION, Doing Business as PHH MORTGAGE SERVICES, Respondent-Appellant. [846 NYS2d 223]—

In a putative class action, inter alia, to recover damages for violation of Real Property Law § 274-a, the plaintiffs appeal

from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated January 17, 2006, as granted those branches of the defendant's motion which were to dismiss the causes of action alleging unjust enrichment, to recover money had and received, and based on conversion, and the defendant cross-appeals from so much of the same order as denied those branches of its motion which were to dismiss the causes of action pursuant to Real Property Law § 274-a (2) and General Business Law § 349 (a).

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiffs mortgaged their premises to the defendant mortgage company. In anticipation of the sale of the premises, they requested a payoff statement from the defendant. A payoff statement forwarded to them shortly before the scheduled sale of the premises included a $40 fee designated "unpaid other fees." It is undisputed that these "unpaid other fees" were, in fact, fees charged for faxing the payoff statements to the plaintiffs. The plaintiffs conveyed title to the premises and paid these fees. Shortly thereafter, the plaintiffs commenced an action against the defendant on behalf of themselves and all of those similarly situated. The complaint alleged that the defendant violated Real Property Law § 274-a (2), which states, in pertinent part, that the "mortgagee shall not charge for providing the mortgage-related documents, provided, however, the mortgagee may charge not more than twenty dollars, or such amount as may be fixed by the banking board, for each subsequent payoff statement provided under this subdivision." The complaint further alleged that in charging such fees, the defendant engaged in acts of consumer fraud in violation of General Business Law § 349. The complaint also alleged causes of action to recover damages for unjust enrichment, money had and received, and conversion. The defendant moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7), the court must accept as true the factual allegations of the complaint and accord the plaintiff all favorable inferences which may be drawn therefrom (see *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *Marchionni v Drexler*, 22 AD3d 814 [2005]). If the plaintiff can succeed upon any reasonable view of the allegations, the complaint may not be dismissed (see *Marchionni v Drexler*, 22 AD3d at 814; *Board of Educ. of City School Dist. of City of New Rochelle v County of Westchester*, 282 AD2d 561, 562 [2001]).

The Supreme Court properly determined that the complaint stated viable causes of action for violation of Real Property Law § 274-a (2) and General Business Law § 349 (a). This Court has determined that the voluntary payment doctrine will not bar such statutory causes of action (*see Dowd v Alliance Mtge. Co.*, 32 AD3d 894 [2006]; *Dougherty v North Fork Bank*, 301 AD2d 491 [2003]; *see generally Negrin v Norwest Mtge.*, 263 AD2d 39 [1999]). The Supreme Court also properly determined, however, that the voluntary payment doctrine does bar the plaintiffs' common-law causes of action alleging unjust enrichment, money had and received, and conversion. To the extent that our decision in *Dowd v Alliance Mtge. Co.(supra)*, holds to the contrary, it should not be followed (*see generally Dillon v U-A Columbia Cablevision of Westchester*, 100 NY2d 525 [2003]).

The defendant's remaining contentions are without merit. Schmidt, J.P., Angiolillo, and McCarthy, JJ., concur.

Goldstein, J. (concurring in the result): Since the plaintiffs allege a violation of Real Property Law § 274-a, I must agree that "[n]either the assertions that the plaintiff voluntarily agreed to pay those fees nor the absence of allegations of a written demand for the payoff statement constitutes a defense" (*Dowd v Alliance Mtge. Co.*, 32 AD3d 894, 895-896 [2006]) to the plaintiffs' causes of action alleging a violation of Real Property Law § 274-a and General Business Law § 349 (a), on constraint of *Negrin v Norwest Mtge*. (263 AD2d 39 [1999]) and its progeny. The rulings in those cases are based upon a judicial construction of Real Property Law § 274-a, not the statutory language itself (*see Negrin v Norwest Mtge., supra*). It should also be noted that the rulings in those cases are sui generis to cases alleging a violation of Real Property Law § 274-a (*see Morales v Copy Right, Inc.*, 28 AD3d 440 [2006]).