■ VINCENT J. EMILIO, Appellant, v ROBISON OIL CORP., Doing Business as ROBISON, Respondent. [880 NYS2d 177]—

In an action, inter alia, to recover damages for violation of General Business Law § 349, the plaintiff appeals from an order of the Supreme Court, Westchester County (Liebowitz, J.), entered October 31, 2007, which denied his motion for class action certification.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, and the plaintiff's motion for class action certification is granted.

The plaintiff, individually and as a proposed representative of a putative class, commenced this action against the defendant alleging for breach of contract, breach of the implied covenant of good faith and fair dealing, and violation of General Business Law § 349 for unilaterally adjusting alleged fixed-priced electrical supply charges mid-term. The plaintiff moved for class action certification, which the Supreme Court denied. We reverse.

While the determination to grant or deny class action certification rests in the sound discretion of the court (*see Small v*

*Lorillard Tobacco Co.,* 94 NY2d 43, 52-53 [1999]; *Tosner v Town of Hempstead,* 12 AD3d 589, 590 [2004]), it must be grounded upon a consideration of the factors set forth in CPLR 901 (a) and 902. The five factors enumerated in CPLR 901 (a) are (1) the class is so numerous that joinder of all members is impractical, (2) the existence of common questions of fact or law that predominate over questions affecting individual members, (3) typicality of the class representative's claims or defenses with that of the class, (4) adequacy of protecting the class by the representative, and (5) superiority of the class action to other available methods of adjudicating the controversy (*see Globe Surgical Supply v GEICO Ins. Co.,* 59 AD3d 129 [2008]; *Matter of Colt Indus. Shareholder Litig.,* 77 NY2d 185, 194 [1991]). CPLR 902 also requires, if the prerequisites of CPLR 901 are satisfied, consideration of (1) whether class members have an individual interest in controlling the litigation, (2) the impracticality or inefficiency of prosecuting or defending separate actions, (3) the extent and nature of existing litigation, (4) the desirability or undesirability of concentrating the claim in a particular forum, and (5) difficulties likely to be encountered in managing the class. The class representative has the burden of establishing the prerequisites of certification (*see Kings Choice Neckwear, Inc. v DHL Airways, Inc.,* 41 AD3d 117 [2007]; *Beller v William Penn Life Ins. Co. of N.Y.,* 37 AD3d 747, 748 [2007]). CPLR article 9 is to be liberally construed (*see Globe Surgical Supply v GEICO Ins. Co.,* 59 AD3d 129 [2008]; *Beller v William Penn Life Ins. Co. of N.Y.,* 37 AD3d at 748; *Friar v Vanguard Holding Corp.,* 78 AD2d 83, 93 [1980]).

Upon a balanced consideration of all relevant circumstances, we find that the plaintiff meets all of the prerequisites of CPLR 901 (a), and that the Supreme Court improvidently exercised its discretion in denying class action certification. Members of the class appear to number in the multiple hundreds. The members share common questions of fact or law regarding the defendant's alleged unilateral adjustment of prices in the middle of alleged fixed price terms. The claims of the representative are typical of those of the class. The representative has demonstrated that he can fairly and adequately protect the interests of the class. Finally, the class action procedure appears to be superior to other potential available methods of adjudicating the controversy. A consideration of the factors contained in CPLR 902 does not warrant a different result.

We note, in particular, that class actions are uniformly certified in breach of contract actions, notwithstanding differing damages to individual class members where, as here, there is a

uniformity of contractual agreements (*see e.g. Globe Surgical Supply v GEICO Ins. Co.*, 59 AD3d 129 [2008]; *Beller v William Penn Life Ins. Co. of N.Y.*, 37 AD3d at 747; *Wilder v May Dept. Stores Co.*, 23 AD3d 646, 649 [2005]; *Englade v HarperCollins Publs.*, 289 AD2d 159, 160 [2001]). We also note that to the extent the defendant may have issued three similar contract versions to customers at different times between 1998 and 2006 that are at issue here, nothing would prevent the Supreme Court, in the management of the class, from establishing subclasses based upon the particular contract at issue given the commonality of the class members' general claims (*see Super Glue Corp. v Avis Rent A Car Sys.*, 132 AD2d 604, 607 [1987]).

The parties' remaining contentions have been rendered academic in light of our determination or are without merit. Mastro, J.P., Dillon, Covello and Dickerson, JJ., concur.