■ FRANCINE ARGENTO, Appellant, v WAL-MART STORES, INC., Respondent. [888 NYS2d 117]—

In an action, inter alia, to recover damages for violation of General Business Law § 349, the plaintiff appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered September 4, 2008, as denied that branch of her motion which was for class action certification pursuant to CPLR article 9, and (2) so much of an order of the same court entered October 28, 2008, as denied that branch of her motion which was for leave to renew.

Ordered that the order entered October 28, 2008 is reversed insofar as appealed from, on the law and in the exercise of discretion, that branch of the plaintiff's motion which was for leave to renew is granted, and, upon renewal, so much of the order entered September 4, 2008, as denied that branch of the plaintiff's prior motion which was for class action certification pursuant to CPLR article 9 is vacated, and that branch of the plaintiff's prior motion is granted; and it is further,

Ordered that the appeal from the order entered September 4, 2008 is dismissed as academic in light of our determination of the appeal from the order entered October 28, 2008; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff, individually and as a proposed representative of a putative class, commenced this action alleging, inter alia, that the defendant engaged in deceptive business practices in viola-

tion of General Business Law § 349 by routinely backdating renewal memberships at Sam's Club stores. The plaintiff claims that as a result of the backdating policy, members who renew after the date upon which their one-year membership terms expire are nevertheless required to pay the full annual fee for less than a full year of membership.

The defendant served an answer dated August 10, 2007 and over the course of the next 10 months, the parties engaged in discovery relevant to both the statutory prerequisites for seeking class action certification and the merits of the action. During this 10-month period, the Supreme Court conducted several status conferences at which schedules for the completion of discovery were established. The plaintiff's attorney alleges that he advised the court at the first two status conferences that the plaintiff intended to move, inter alia, for certification of a statewide class at the completion of discovery. When the plaintiff's motion was thereafter filed at the third status conference, a date for the submission of opposing papers was selected. There is no indication in the record that the defendant raised an objection to the timeliness of the motion at the third status conference, or in opposition to the motion. However, it is undisputed that the plaintiff never formally moved to extend the deadline for seeking certification set forth in CPLR 902, which requires a motion for class action certification to be made "[w]ithin sixty days after the time to serve a responsive pleading has expired for all persons named as defendants." After the court denied the motion solely on the ground that it was untimely, the plaintiff moved for leave to renew, offering an explanation for her delay in seeking certification. The court denied the motion for leave to renew, concluding, in essence, that the plaintiff had failed to show good cause for extending the 60-day deadline.

The CPLR 902 requirement that a motion for class action certification be made no later than 60 days after the time expires for the service of all responsive pleadings is designed to promote an early determination of whether class action relief is appropriate (*see O'Hara v Del Bello*, 47 NY2d 363, 368 [1979]). "Although prompt resolution of the certification issue is the desired goal" (Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C902:1, at 178), the court has the discretion, pursuant to CPLR 2004, to extend the 60-day deadline either prospectively or retroactively upon good cause shown (*see Caesar v Chemical Bank*, 118 Misc 2d 118, 121 [1983], *affd* 106 AD2d 353 [1984], *mod on other grounds* 66 NY2d 698 [1985]; *Galdamez v Biordi Constr. Corp.*, 50 AD3d

357, 358 [2008]; *Matter of DeBlasio v City of New York*, 24 Misc 3d 789, 798 [2009]).

Here, while the plaintiff offered no facts to justify an extension of the 60-day deadline in support of her initial motion for class action certification, after the court raised the issue of timeliness sua sponte, the plaintiff promptly moved for leave to renew. In support of renewal, the plaintiff's attorney explained the basis for his misapprehension that both the court and the defendant's attorney had agreed to allow the motion to be made upon the completion of discovery, and advised the court that extensive pre-certification discovery had been necessary to obtain the evidence necessary to support the motion.

Although as a general rule a motion for renewal should be based on newly-discovered facts, this requirement is not an inflexible one, and the court has the discretion to grant renewal even upon facts known to the movant at the time of the original motion (*see Holland v W.M. Realty Mgt., Inc.*, 64 AD3d 627, 629 [2009]; *Wilder v May Dept. Stores Co.*, 23 AD3d 646, 648 [2005]). Since the issue of timeliness was not raised during the status conferences or in opposition to the motion, the court should have considered the additional facts presented by the plaintiff on renewal (*see Wilder v May Dept. Stores Co.*, 23 AD3d at 648). Moreover, upon consideration of these additional facts, the court should have exercised its discretion to deem the motion timely made. The record demonstrates that the parties engaged in extensive discovery in the 10-month period following service of the defendant's answer, and that the expiration of the 60-day period was not brought up at the status conferences attended by their attorneys. While we reject the plaintiff's assertion that the court implicitly extended the 60-day period merely by failing to alert her attorney that the time to move for class action certification had expired, it is nevertheless clear that counsel had a good-faith belief that a motion for class action certification made at the close of discovery would be deemed timely. It is also clear that the plaintiff expended considerable resources to obtain the evidence necessary to successfully move for class action certification.

Upon renewal, the plaintiff's motion for class action certification should have been granted. "CPLR article 9, which authorizes and sets forth the criteria to be considered in granting class action certification, is to be liberally construed" (*Beller v William Penn Life Ins. Co. of N.Y.*, 37 AD3d 747, 748 [2007]; *see Globe Surgical Supply v GEICO Ins. Co.*, 59 AD3d 129, 135 [2008]; *Wilder v May Dept. Stores Co.*, 23 AD3d at 649; *Lauer v New York Tel. Co.*, 231 AD2d 126, 130 [1997]). Contrary to the

defendant's contention, the plaintiff sustained her burden of demonstrating that the statutory prerequisites for class action certification set forth in CPLR 901 (a) were satisfied (*see Emilio v Robison Oil Corp.*, 63 AD3d 667, 668 [2009]; *Beller v William Penn Life Ins. Co. of N.Y.*, 37 AD3d at 748; *Wilder v May Dept. Stores Co.*, 23 AD3d at 649; *see also Dupler v Costco Wholesale Corp.*, 249 FRD 29 [2008]). The defendant's admission that Sam's Club received $940 million in membership fees for the 2006 fiscal year supports a finding that there are numerous class members. In addition, the members share common questions of fact or law with regard to the defendant's alleged policy of backdating renewal memberships, and the claims of the plaintiff, who submitted adequate proof that she is, in actuality, a Sam's Club member, are typical of those of the class (*see Emilio v Robison Oil Corp.*, 63 AD3d at 668; *Dupler v Costco Wholesale Corp.*, 249 FRD at 37-40). The plaintiff also demonstrated that she can fairly and adequately protect the interests of the class, and that the class action procedure is superior to other potential methods of adjudicating the controversy (*see Emilio v Robison Oil Corp.*, 63 AD3d at 668; *Dupler v Costco Wholesale Corp.*, 249 FRD at 41-42, 47-48). Rivera, J.P., Eng, Chambers and Hall, JJ., concur.