■ SANDRA PETTIT DOWD, Formerly Known as SANDRA J. PETTIT, Respondent-Appellant, v ALLIANCE MORTGAGE COMPANY, Appellant-Respondent. [903 NYS2d 104]—

In an action to recover damages, inter alia, for violation of Real Property Law § 274-a, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Pines, J.), entered September 29, 2008, as granted the plaintiff's motion for class certification pursuant to CPLR article 9, and the plaintiff cross-appeals, as limited by her brief, from so much of the same order as granted her motion for class certification only to the extent of certifying a class consisting of owner-occupiers of residential real property who secured loans from and paid certain fees or charges to the defendant from January 1, 2002, through December 31, 2003.

Ordered that the order is modified, on the facts and in the exercise of discretion, (1) by deleting the provision thereof granting that branch of the plaintiff's motion which was for class certification on the fifth cause of action to recover damages for money had and received and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof granting the plaintiff's motion for class certification to the extent of certifying a class consisting of owner-occupiers of residential real property who secured loans from and paid the subject fees or charges to the defendant from January 1, 2002, through December 31, 2003, and substituting therefor a provisions granting those branches of the plaintiff's motion for class certification on the first, second, third, fourth, and sixth causes of action of a class consisting of owner-occupiers of residential real property who secured loans from and paid the subject fees or charges to the defendant from December 3, 1997 through December 3, 2003; as so modified, the order is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

On December 3, 2003, the plaintiff commenced the instant action alleging, inter alia, that the defendant violated Real Property Law § 274-a and General Business Law § 349 (a) by charging her a "priority handling fee" in the sum of $20, along with unspecified "additional fees" for providing her with a mortgage note payoff statement that she had requested in connection with the sale of her house to a third party. Based on those same facts, the plaintiff also asserted, among other things, a cause of action to recover damages for money had and received.

In May 2008 the plaintiff moved for class certification pursuant to CPLR article 9, which the defendant opposed. The Supreme Court granted the plaintiff's motion to the extent of defining the class as follows: "borrowers of owner-occupied residences upon whose loans a first payoff statement was 'demanded' by an 'authorized individual' as defined in [Real Property Law] § 274-a, for the purpose of completing a transaction reasonably expected to result in the payoff of that loan. Additionally, the class is limited to borrowers who actually paid a fee (however denominated) and is limited to the period between January 1, 2002 and December 31, 2003." The defendant appeals from so much of the order as granted the plaintiff's motion for class certification, and the plaintiff cross-appeals from so much of the order as limited the class to persons paying those fees to the defendant between January 1, 2002, and December 31, 2003, instead of during the period commencing

on a date six years prior to the date she commenced this action, i.e., December 3, 1997, and terminating on the date of commencement of the action.

"CPLR article 9, which authorizes and sets forth the criteria to be considered in granting class action certification, is to be liberally construed" (*Beller v William Penn Life Ins. Co. of N.Y.*, 37 AD3d 747, 748 [2007]; *see Globe Surgical Supply v GEICO Ins. Co.*, 59 AD3d 129, 135 [2008]; *Tosner v Town of Hempstead*, 12 AD3d 589 [2004]). Upon considering the factors set forth in CPLR 901 and 902, "[t]he determination to grant class action certification rests in the sound discretion of the trial court" (*Globe Surgical Supply v GEICO Ins. Co.*, 59 AD3d at 136; *see Small v Lorillard Tobacco Co.*, 94 NY2d 43, 52 [1999]; *Emilio v Robison Oil Corp.*, 63 AD3d 667, 667-668 [2009]).

Upon considering the prerequisites to a class action set forth in CPLR 901, and the additional factors set forth in CPLR 902, the Supreme Court providently exercised its discretion in certifying the class as to the causes of action alleging violations of General Business Law § 349 (a) and Real Property Law § 274-a, based on the defendant's imposition of the mortgage payoff fee and the additional fees and charges identified by the plaintiff (*see Globe Surgical Supply v GEICO Ins. Co.*, 59 AD3d at 137-138; *Ackerman v Price Waterhouse*, 252 AD2d 179, 191 [1998]; *see generally Dougherty v North Fork Bank*, 301 AD2d 491 [2003]; *Negrin v Norwest Mtge.*, 263 AD2d 39 [1999]). However, the Supreme Court improvidently exercised its discretion in certifying the class as to the cause of action for money had and received, since an affirmative defense based on the voluntary payment doctrine, "which bars recovery of payments voluntarily made 'with full knowledge of the facts' " (*Solomon v Bell Atl. Corp.*, 9 AD3d 49, 55 [2004], quoting *Dillon v U-A Columbia Cablevision of Westchester*, 100 NY2d 525, 526 [2003]), necessitates individual inquiries of class members (*see Solomon v Bell Atl. Corp.*, 9 AD3d at 55; *see also MacDonell v PHH Mtge. Corp.*, 45 AD3d 537, 539 [2007]).

The Supreme Court also erred in limiting the class only to those who secured loans from and paid the challenged fees or charges to the defendant within the two-year period between January 1, 2002, and December 31, 2003. In her motion, the plaintiff sought to certify a class of persons who secured loans and paid the fees or charges between December 3, 1997, and December 3, 2003. In opposing the instant motion, the defendant failed to substantiate its contention that manual review of its files for the years 1997 through 2001 would be economically impracticable (*see Weinberg v Hertz Corp.*, 116 AD2d 1, 4 [1986],

*affd* 69 NY2d 979 [1987]). Since the record does not support limiting the class to those persons who paid fees and charges during the two-year period fixed by the Supreme Court, we enlarge the class to include persons who secured loans from and paid the challenged fees and charges to the defendant between December 3, 1997, and December 31, 2003.

The defendant's remaining contentions are without merit. Dillon, J.P., Balkin, Belen and Lott, JJ., concur. **[Prior Case History: 21 Misc 3d 1112(A), 2008 NY Slip Op 52053(U).]**