| |
|---|
| **Spridgen v Egnyte, Inc.** |
| 2026 NY Slip Op 30944(U) |
| February 20, 2026 |
| Supreme Court, Kings County |
| Docket Number: Index No. 539997/2025 |
| Judge: Richard J. Montelione |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

|  | At I.A.S. Part 99 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, located at 360 Adams Street, Brooklyn, NY 11201 on the 20th day of February 2026. |
|---|---|

PRESENT:

Hon. RICHARD J. MONTELIONE, J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS: PART 99

-------------------------------------------------------------------X
Sara Spridgen, Sarah Curvin, and Robert Olson, individually and on behalf all others similarly situated,

                    Plaintiffs,

       -against-

Egnyte, Inc.,

                  Defendant.
-------------------------------------------------------------------X

**DECISION and ORDER**

Cal. No.: 43-44
Index No.: 539997/2025
Motion Date: 2/11/2026
Mot. Seq. 1&3

After oral argument, the following papers were read on this motion pursuant to CPLR 2219(a):

| Papers | Numbered |
|---|---|
|  |  |
| Plaintiffs' Notice of Motion/Order to Show Cause/Affidavits/Affirmations/Exhibits...... | 3-8 |
| Defendant's Notice of Motion/Order to Show Cause/Affidavits/Affirmations/Exhibits... | 20-23 |
| Answering Affirmations/Affidavits/Exhibits............................................................. |  |
| Reply Affirmations/Affidavits/Exhibits................................................................... |  |
| Other......................................................................................................................... |  |

      The action commenced by filing the summons and complaint on November 12, 2025 alleging that certain employees of the defendant were exempt-classified Sales Development Representatives or Business Development Representatives, from November 15, 2021 through December 31, 2024, or exempt-classified Account Executives, from November 15, 2021 through October 31, 2025, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., but were not paid overtime compensation for all hours worked in excess of 40 hours in a work week.

      Plaintiffs allege that defendant's policy, pattern and practice involved: a) Misclassifying Collective Members as overtime exempt; b. Failing to record the time that Collective Members worked for the benefit of Defendant; c. Failing to keep payroll records as required by the FLSA and state overtime laws; d. Failing to pay Collective Members overtime wages for all the overtime hours they worked; and, e. Failing to timely pay Plaintiffs wages due during employment and at separation as required by state laws. On behalf of Plaintiffs Individually, in addition to the federal statute, plaintiffs allege a violation of North Carolina Wage and Hour Act, Overtime, N.C. Gen. Stat. § 95-25.4, et seq.

[* 1]

*Sara Spridgen, Sarah Curvin, and Robert Olson v Egnyte, Inc.*, Index No. 539997/2025

Defendant does not answer, but a notice of appearance is filed by its counsel on November 21, 2025. Plaintiffs now move for settlement approval by the court. (MS#1). Plaintiffs do not seek in their notice of motion either class certification or appointment of their counsel as class counsel but instead makes reference to their relief in their supporting papers.

Applicable Law or Commentary

The criteria for class action certification is found in the following cases and the CPLR:

See *McGrath v Suffolk County*, 233 AD3d 769, 770 [2d Dept 2024]:

> 'CPLR article 9, which authorizes and sets forth the criteria to be considered in granting class action certification, is to be liberally construed' (*Beller v. William Penn Life Ins. Co. of N.Y.*, 37 A.D.3d 747, 748, 830 N.Y.S.2d 759; *see Dowd v. Alliance Mtge. Co.*, 74 A.D.3d 867, 869, 903 N.Y.S.2d 104). 'The proposed class representative bears the burden of establishing compliance with the requirements of both CPLR 901 and 902, and the determination to grant class action certification ultimately rests in the sound discretion of the trial court' (*Krobath v. South Nassau Communities Hosp.*, 178 A.D.3d 805, 806, 111 N.Y.S.3d 883 [citation omitted]; *see Cooper v. Sleepy's, LLC*, 120 A.D.3d 742, 743, 992 N.Y.S.2d 95).

See *Jenack v Goshen Operations, LLC*, 222 AD3d 36, 40-41 [2d Dept 2023]:

> '[I]nquiry on a motion for class action certification vis-a-vis the merits is limited to a determination as to whether on the surface there appears to be a cause of action which is not a sham' (*Brandon v. Chefetz*, 106 A.D.2d 162, 168, 485 N.Y.S.2d 55).

CPLR 901. Prerequisites to a class action

> a. One or more members of a class may sue or be sued as representative parties on behalf of all if:

> 1. the class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

> 2. there are questions of law or fact common to the class which predominate over any questions affecting only individual members;

2 of 6

[* 2]

*Sara Spridgen, Sarah Curvin, and Robert Olson v Egnyte, Inc.*, Index No. 539997/2025

3. the claims or defenses of the representative parties are typical of the claims or defenses of the class;

4. the representative parties will fairly and adequately protect the interests of the class; and

5. a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

CPLR 902. Order allowing class action

Within sixty days after the time to serve a responsive pleading has expired for all persons named as defendants in an action brought as a class action, the plaintiff shall move for an order to determine whether it is to be so maintained. An order under this section may be conditional, and may be altered or amended before the decision on the merits on the court's own motion or on motion of the parties. The action may be maintained as a class action only if the court finds that the prerequisites under section 901 have been satisfied. Among the matters which the court shall consider in determining whether the action may proceed as a class action are:

1. The interest of members of the class in individually controlling the prosecution or defense of separate actions;

2. The impracticability or inefficiency of prosecuting or defending separate actions;

3. The extent and nature of any litigation concerning the controversy already commenced by or against members of the class;

4. The desirability or undesirability of concentrating the litigation of the claim in the particular forum;

5. The difficulties likely to be encountered in the management of a class action.

In the case of *Shultz v Cambridge Dev., L.L.C.*, 200 AD3d 624 [1st Dept 2021], the Appellate court stated:

The class action allegations should have been dismissed on the ground that plaintiffs failed to timely move for class certification. Pursuant to CPLR 902, a motion for class certification must be made within 60 days after the time to serve a responsive pleading

[* 3]

*Sara Spridgen, Sarah Curvin, and Robert Olson v Egnyte, Inc.,* Index No. 539997/2025

has expired. Although the parties may stipulate to extend the plaintiffs' time to move for class certification and the court may order such an extension, in the absence of an extension, the 'deadline set forth is mandatory' (*Shah v. Wilco Sys., Inc.,* 27 A.D.3d 169, 173[1st Dept. 2005], *lv denied in part and dismissed in part* 7 N.Y.3d 859, 824 N.Y.S.2d 597, 857 N.E.2d 1129 [2006]). This action was commenced 11 years ago, yet it is undisputed that plaintiffs have never moved for class certification or for an extension of time to move for class certification. Therefore, plaintiffs' class action claims must be dismissed.

*See also* Commentary to CPLR 902.

CPLR 908. Dismissal, discontinuance or compromise

A class action shall not be dismissed, discontinued, or compromised without the approval of the court. Notice of the proposed dismissal, discontinuance, or compromise shall be given to all members of the class in such manner as the court directs.

Commentary-CPLR C908:2. Notice of Settlement Approval.

The Court of Appeals, in the 4-3 decision of *Desrosiers v. Perry Ellis Menswear, LLC*, 2017, 30 N.Y.3d 488, 68 N.Y.S.3d 391, 90 N.E.3d 1262, enshrines *Avena* as definitive law for the interpretation of CPLR 908. (*See* the discussion of the Appellate Division *Desrosiers* decision, which the Court of Appeals affirms, in the 2017 Commentary to this section.) Thus, upon settlement of an action brought on behalf of an alleged class, CPLR 908 requires that notice of the settlement be sent to the members of the putative class even though the action has not been certified as a class action.

*See In re Colt Indus. Shareholder Litig.*, 155 AD2d 154, 160, [1st Dept 1990], *affd as mod sub nom. Matter of Colt Indus. Shareholder Litig. v Colt Indus. Inc.*, 77 NY2d 185 [1991]:

While CPLR Rule 908 does not prescribe specific guidelines for a Court to follow in determining the merits of a proposed class action settlement 'case law suggests the components which should be considered in reviewing a settlement: the likelihood of success, the extent of support from the parties, the judgment of counsel, the presence of bargaining in good faith, and the nature of the issues of law and fact (*State of West Virginia v. Pfizer & Co.*), 314 F Supp 710, 740, affd 440 F 2d 1079 [2d Cir.], cert den sub nom. *Cotler*

[* 4]

*Sara Spridgen, Sarah Curvin, and Robert Olson v Egnyte, Inc.,* Index No. 539997/2025

*Drugs v. Pfizer & Co.,* 404 US 871 [92 S.Ct. 81, 30 L.Ed.2d 115] )
...' (*Klurfeld v. Equity,* 79 A.D.2d 124, 133, 436 N.Y.S.2d 303
(1981)). The United States Supreme Court noted, in *Carson v. American Brands, Inc.,* 450 U.S. 79, 88 n. 14, 101 S.Ct. 993, 998–99 n. 14, 67 L.Ed.2d 59 (1981), "Courts judge the fairness of a proposed compromise by weighing the plaintiff's likelihood of success on the merits against the amount and form of the relief offered in the settlement ...".

<u>Legal Analysis</u>

As an initial issue, the plaintiffs' motion does not seek class certification or the appointment of plaintiffs' counsel for the class. (CPLR § 902). The motion seeks approval of a settlement agreement. The court notes that the motion was filed two days after the action was commenced and therefore counsel ostensibly engaged in mediation and reached a settlement agreement, subject to court approval, before the action even commenced and without being appointed counsel for the class. (*In re Colt Indus. Shareholder Litig.,* supra.).

Moreover, there is no proposed notice of the settlement requested to be served upon class members. (CPLR 908).

Based on the foregoing, it is

ORDERED that the motion to settle this matter is DENIED without prejudice provided:

1. The movant files a motion, by Order to Show Cause, within 60 days of the entry of this Order, for class certification, to be appointed counsel to represent the class, and upon such certification and appointment of counsel, for approval of the proposed settlement;

2. The movant shall provide the court with a draft of a notice to be sent to each class member giving a summary of the terms of the proposed settlement, in plain English, which must be approved by the court, such notice indicating that if any class member objects to class certification or wishes to be removed from the class, or to the appointment of class counsel, or otherwise objects to the proposed settlement, the class member may appear personally, or virtually, on the return date of the motion such date to be inserted by the court, and such notice to be sent to each class member by certified and first class U.S. Mail, return receipt requested, and by email, to each individual where the email address is known or can be obtained by diligent efforts;

And it is further,

ORDERED that any application for attorneys' fees shall include an affidavit of legal services rendered using contemporary date & time records, or indicating that no such records are available, notwithstanding that the retainer agreement with the named plaintiffs provide for a contingency fee; and it is further

5 of 6

*Sara Spridgen, Sarah Curvin, and Robert Olson v Egnyte, Inc.*, Index No. 539997/2025

ORDERED that any other requests for relief have been considered and are DENIED.

This constitutes the decision and order of the court.

ENTER,

Hon. Richard J. Montelione, J.S.C.

For Clerk's use only:

MG ____ [ ] to the extent

MD _____

Motion seq. # ____

**FILED**

MAR 1 3 2026

**KINGS COUNTY CLERK'S OFFICE**

[* 6]