■ JACK W. DAVIDSON, Appellant, v ROCHESTER TELEPHONE CORPORATION, Respondent, and NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE et al., Intervenors-Respondents.— Mikoll, J. Appeal from an order of the Supreme Court (Prior, Jr., J.), entered June 8, 1989 in Albany County, which, *inter*

*alia,* granted defendant's cross motion for summary judgment dismissing the complaint.

Plaintiff, a residential subscriber of defendant, Rochester Telephone Corporation (hereinafter RTC), challenges the legality of RTC's practice of collecting State and local sales taxes on "end user common line" charges (hereinafter EUCL) which are set by the Federal Communications Commission (hereinafter FCC) to recover costs which plaintiff contends are interstate in nature. EUCL is an interstate access service. RTC charges residential customers $2.60 a month for the service. EUCL charges are not based on phone transactions. They are billed to every subscriber regardless of whether the subscriber makes or receives long-distance interstate calls and regardless of the number of calls made.

Tax Law § 1105 (b) imposes a tax on "[t]he receipts from every sale * * * of telephony and telegraphy and telephone and telegraph service of whatever nature except interstate and international * * * service". RTC had previously asked intervenor Department of Taxation and Finance (hereinafter the Department) for an advisory opinion as to whether EUCL charges were subject to sales tax pursuant to Tax Law § 1105 (b). The State Tax Commission issued an advisory opinion, dated December 9, 1987, which stated that the access charges were a part of basic services and therefore subject to sales tax pursuant to Tax Law § 1105 (b). RTC's proposal for the prospective application of sales tax, beginning March 1, 1988, was approved by the Department and RTC commenced collection of the tax.

Plaintiff commenced this action for reimbursement of taxes collected on EUCL charges. Plaintiff, in his complaint, contended that the charges are interstate in nature and exempt from sales tax. Plaintiff also moved for class certification pursuant to CPLR article 9. RTC cross-moved for summary judgment dismissing the complaint asserting that (1) no valid cause of action lies against it because it relied on the Tax Commission's advisory opinion, (2) plaintiff failed to exhaust his administrative remedies, and (3) the Public Service Commission has jurisdiction over the matter which bars plaintiff's claims. The Department requested and was given intervenor status in the action since the validity of the imposition of the tax had been challenged. It asserted that Supreme Court lacked jurisdiction over plaintiff's claims as against the State and that plaintiff failed to exhaust his administrative remedies. This appeal seeks a reversal of an order of Supreme Court which denied plaintiff's motion for class certification,

granted RTC's cross motion for summary judgment and dismissed the complaint in its entirety on the merits.

Supreme Court dismissed plaintiff's claim based on the Tax Commission's formal advisory opinion, upon which RTC relied, finding that it correctly mandated the collection of sales tax on EUCL charges as a matter of law. The court held that the issue presented involved a pure question of law which it resolved in RTC's favor.

There should be an affirmance but based on a different legal analysis. We concur with RTC's contention that plaintiff has no cause of action against it in that its role in the collection of the sales tax is merely a ministerial act. RTC is designated by law to collect the taxes and as such it has no right to question the underlying validity of the tax but must turn it over to the proper authority (see, Tuthill v Allmendinger, 68 AD2d 885, affd 47 NY2d 787). Failure to collect the tax would have exposed RTC to liability and subjected it to possible penalties (see, e.g., Tax Law §§ 1145, 1817). Having collected the taxes, RTC's responsibility has ended. A dissatisfied taxpayer's recourse is then against the taxing body (see, Matter of Kesbec, Inc. v McGoldrick, 278 NY 293). Plaintiff's failure to join the Department as a necessary and indispensable party has been cured by the Department's intervention (see, 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 1014.01; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1014:2, at 180). We note that plaintiff makes no claim against the State but, pursuant to CPLR 3017, the court may grant relief within its jurisdiction appropriate to the proof whether or not demanded.

However, a claim against the State for recovery of taxes paid must be preceded by exhaustion of administrative remedies (see, Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57; W. T. Wang, Inc. v New York State Dept. of Taxation & Fin., 88 AD2d 825, 826, affd 58 NY2d 1021; see also, Tax Law § 1140). Plaintiff here, by claiming that the sales tax imposed is within an exception in the tax statute rather than challenging the constitutionality or general applicability of the statute, has invoked the grounds specified in Tax Law § 1105 (b). The complaint claims that RTC's collection of sales taxes was "improper, unnecessary, unauthorized by law, and * * * an unjust enrichment", claims that must be raised in an administrative proceeding (see, Lyons & Co. v Corsi, 3 NY2d 60, 66-67, appeal dismissed 355 US 284; see also, Tax Law § 1105 [b]). As plaintiff has failed to exhaust his administrative remedies, he is not entitled to maintain the instant action.

Nor can it be said that plaintiff has demonstrated that administrative review is futile in this case, thereby permitting the maintenance of this action without first exhausting administrative remedies. The mere issuance of the nonbinding advisory opinion by the Tax Commission does not obviate the necessity of administrative review. It does not establish that the Department had already prejudged plaintiff's claim.

In view of the foregoing, we deem it unnecessary to address the other issues raised by the parties.

Order affirmed, without costs. Mahoney, P. J., Mikoll, Levine and Mercure, JJ., concur.

Yesawich, Jr., J., dissents and votes to reverse in a memorandum. Yesawich, Jr., J. (dissenting). I respectfully disagree. While exhaustion of administrative remedies before commencing suit is indeed the usual rule, that is not the situation where the agency's action is asserted to be either unconstitutional or beyond its authority (see, Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57). Here, plaintiff challenges the applicability of Tax Law § 1105 (b) to Federally mandated interstate subscriber line charges. Whether a certain provision of the Tax Law applies in a given situation is an issue which may be presented to a court directly (see, e.g., Matter of Durham Temporaries v New York State Tax Commn., 132 AD2d 843, 844). It is, therefore, not necessary that plaintiff first seek administrative redress before initiating this action.

Further, in my view, plaintiff's request for class action certification should have been granted. Essentially, this aspect of the parties' dispute centers on whether class action treatment would be superior to other available methods for the fair and efficient adjudication of this controversy (CPLR 901 [a] [5]). In cases involving large numbers of individuals who sustained negligible damage, the provisions of CPLR article 9 must be liberally construed (see, 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 901.01). Practically, the damages suffered by any single RTC customer, said to be $0.18 per month for residential customers and $0.28 per line per month for business customers, would be insufficient to justify the expense of either individual litigation or administrative appeal; thus, I find unpersuasive RTC and the intervenors' suggestion that the existence of an established administrative procedure for recouping tax refunds provides the best method for vindicating the rights of these members of the proposed class (2 Weinstein-Korn-Miller, NY Civ Prac ¶ 901.19).

Nor does the fact that the government is a party, without

more, foreclose the possibility of class certification *(see, e.g., Ammon v Suffolk County,* 67 AD2d 959, 960). Although generally, when governmental operations are involved stare decisis will adequately protect subsequent litigants *(see, Matter of Rivera v Trimarco,* 36 NY2d 747, 749), *"[s]tare decisis* is not a certain or uniform remedy where damages are sought" (2 Weinstein-Korn-Miller, NY Civ Prac ¶ 901.20). Here, plaintiff seeks money damages, in addition to injunctive relief, for amounts paid pursuant to an allegedly unauthorized tax. Questions of law and fact, virtually identical for all members of the proposed class, predominate over plaintiff's individual concerns *(see,* CPLR 901 [a] [2]). Neither RTC nor intervenors suggest that plaintiff's claims are not typical or that plaintiff will not fairly and adequately protect the interest of the class (CPLR 901 [a] [3], [4]). In sum, denying plaintiff's request for class certification was error *(see, Matter of Dudley v Kerwick,* 84 AD2d 884, 885; *Ammon v Suffolk County,* 67 AD2d 959, 960, *supra).*

Because neither party argued the merits of the underlying legal issue before Supreme Court, and the record is not sufficiently developed to enable this court to resolve the legality of taxing end user common line charges, summary judgment is inappropriate at this time. A remittal for the purpose of allowing the parties to amplify the record so that the merits can be addressed by Supreme Court is in order.