16-3762-cv
Estler v. Dunkin' Brands, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of May, two thousand seventeen.

PRESENT:  RALPH K. WINTER,
          REENA RAGGI,
                    *Circuit Judges*,
          ALVIN K. HELLERSTEIN,
                    *District Judge*.[*]

------------------------------------------------------------------------

THOMAS ESTLER, BLAKE RUEHRWEIN, and STEVEN PARK, on behalf of themselves and all others similarly situated,

                    *Plaintiffs-Appellants*,

                    v.                                        No. 16-3762-cv

DUNKIN' BRANDS, INC., DUNKIN' DONUTS STORE, #350125, DUNKIN' DONUTS STORE, #350126, DUNKIN' DONUTS STORE, #350127, DUNKIN' DONUTS STORE, #345768,

                    *Defendants-Appellees*,

JOHN DOES 1–500,

                    *Defendants.*

------------------------------------------------------------------------

[*] Judge Alvin K. Hellerstein, of the United States District Court for the Southern District of New York, sitting by designation.

APPEARING FOR APPELLANTS:     CARL JOSEPH MAYER, Mayer Law Group LLC, Princeton, New Jersey (Zachary J. Liszka, Law Office of Zachary J. Liszka, New York, New York, *on the brief*).

APPEARING FOR APPELLEES:      ERIC L. YAFFE (Virginia E. Davis Horton, Whitney A. Fore, Gray, Plant, Mooty, Mooty & Bennett, P.A., Washington, D.C.; Janet C. Evans, Gray, Plant, Mooty, Mooty & Bennett, P.A., Minneapolis, Minnesota, *on the brief*), Gray, Plant, Mooty, Mooty & Bennett, P.A., Washington, D.C., *for* Dunkin' Brands, Inc.

CHRISTOPHER G. KELLY (Stosh M. Silivos, *on the brief*), Holland & Knight LLP, New York, New York, *for* Dunkin' Donuts Store, #350125, Dunkin' Donuts Store, #350126, Dunkin' Donuts Store, #350127.

JOANNE M.F. WILCOMES, Paris Ackerman & Schmierer LLP, Roseland, New Jersey, *for* Dunkin' Donuts Store, #345768.

Appeal from a judgment of the United States District Court for the Southern District of New York (Lorna G. Schofield, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on October 5, 2016, is AFFIRMED.

Plaintiffs Thomas Estler, Blake Ruehrwein, and Steven Park filed this putative class action against defendants Dunkin' Brands, Inc.—franchisor of the Dunkin' Donuts fast-food chain—and several Dunkin' Donuts franchisees in Manhattan, alleging that plaintiffs were unlawfully charged sales tax in violation of New York state law when purchasing bags of pre-packaged coffee from defendants' stores. *See* N.Y. Tax Law § 1115(a)(1). Plaintiffs appeal from the dismissal of their state common law and N.Y.

2

Gen. Bus. Law § 349 claims for failure to comply with New York's exclusive administrative remedy for refunds of erroneous sales tax charges, *see* N.Y. Tax Law §§ 1139, 1140. Specifically, plaintiffs argue that (1) such administrative procedures are not mandated in this case, and (2) they may independently pursue a § 349 claim to the extent defendants' collection of sales tax amounted to an unfair or deceptive practice. We review the challenged dismissal *de novo*, accepting plaintiffs' factual allegations as true and drawing all reasonable inferences in their favor. *See Absolute Activist Master Fund Ltd. v. Ficeto*, 677 F.3d 60, 65 (2d Cir. 2012).[1] In so doing, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1. Exclusive Administrative Remedy for New York State Sales Tax Refunds

Under New York law, consumers seeking a return of sales taxes "erroneously, illegally or unconstitutionally collected or paid . . . to a person required to collect tax," must apply for a refund to the state tax commission. N.Y. Tax Law § 1139(a). That refund process is the "exclusive remed[y] available to any person for the review of tax

---

[1] The district court construed defendants' motion as one for dismissal without prejudice for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *See Holt v. Town of Stonington*, 765 F.3d 127, 130 (2d Cir. 2014) (presuming that such failure to exhaust state administrative remedies as would deprive state courts of subject-matter jurisdiction would similarly deprive federal court of jurisdiction); *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999) (holding dismissals for lack of subject-matter jurisdiction are necessarily without prejudice). We need not here decide whether dismissal for failure to comply with this mandatory and exclusive state administrative remedy should be addressed under Fed. R. Civ. P. 12(b)(1) or 12(b)(6), as our review of the pure issues of law presented here would be *de novo* in any event, *see Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d at 65, and defendants do not challenge the dismissal without prejudice on Rule 12(b)(1) grounds.

3

liability imposed" under state sales tax law, and no "determination or proposed determination of tax or determination on any application for refund shall be enjoined or reviewed . . . by any action or proceeding other than a proceeding under article seventy-eight of the [New York] civil practice law and rules." *Id.* § 1140. Merchants are not proper parties to such actions so long as they performed merely the "ministerial act" of collecting sales tax on the state's or municipality's behalf, and the "dissatisfied taxpayer's recourse" must therefore be "against the taxing body." *Davidson v. Rochester Tel. Corp.*, 163 A.D.2d 800, 802, 558 N.Y.S.2d 1009, 1011 (3d Dep't 1990).

Where a plaintiff has failed to comply with a mandatory state-law administrative remedy, "the action must be dismissed." *Holt v. Town of Stonington*, 765 F.3d 127, 130 (2d Cir. 2014) (internal quotation marks omitted). Plaintiffs do not dispute that they have not followed the administrative procedures in N.Y. Tax Law § 1139, or that such procedures are generally mandatory when pursuing damages for erroneously imposed sales taxes. They argue only that these procedures are inapplicable here insofar as (1) they seek return not of sales taxes, but improper "surcharges" falsely labeled as such; (2) no sales tax is lawfully imposed on pre-packaged coffee; and (3) compliance with administrative procedures would violate their constitutional rights. We reject each argument in turn.

    a. <u>Plaintiffs' Damages Claims Were Properly Classified as Requests for Sales Tax Refunds</u>

Plaintiffs' argument that they seek only the return of an unlawful "surcharge," Appellants' Br. 4, and not a sales tax refund, merits little discussion. The amended

4

complaint concedes that the complained-of fee was consistently described as sales tax and assessed at the 8.875% combined state and municipal sales tax rate in New York City. *See Sales Tax*, City of New York, http://www1.nyc.gov/nyc-resources/service/2389/sales-tax (last visited May 22, 2017). Plaintiffs do not allege that fees were charged over and above the normally applicable sales tax rate, or that defendants failed to remit any charges collected to the appropriate state and municipal tax authorities. In sum, plaintiffs offer nothing more than the bare and unsupported conclusion that defendants' allegedly erroneous charges were intended to represent anything other than sales tax. This is insufficient to avoid the exclusive administrative remedy mandated by N.Y. Tax Law § 1140.[2] *See Bigio v. Coca-Cola Co.*, 675 F.3d 163, 173 (2d Cir. 2012) ("[P]leadings that[] . . . are no more than conclusions[] are not entitled to the assumption of truth." (internal quotation marks omitted)).

b. N.Y. Tax Law § 1140 Applies to Exempted Products

Alternatively, plaintiffs argue that, because administrative procedures are required for the refund of taxes "imposed" by the state tax code, *see* N.Y. Tax Law § 1140, compliance with such procedures is not necessary where taxes were assessed in violation of law, as where a merchant erroneously collects sales tax on an exempt foodstuff. Similarly, plaintiffs argue that, insofar as defendants collected sales tax in alleged violation of a statutory exemption, they could not have been performing a mere "ministerial act" on the state's behalf, *Davidson v. Rochester Tel. Corp.*, 163 A.D.2d at

---

[2] We do not here address whether resort to this administrative remedy might ever be unnecessary if an additional fee has been fraudulently charged as a "tax" yet *not* remitted to state or municipal authorities.

5

802, 558 N.Y.S.2d at 1011, and cannot avoid suit by adverting to state administrative procedures.

This interpretation of the statute is defeated by context. *See In re Bernard L. Madoff Inv. Sec. LLC*, 654 F.3d 229, 237 (2d Cir. 2011) (explaining that statute is properly "understood in context with and by reference to the whole statutory scheme" (internal quotation marks omitted)). New York Tax Law § 1139 makes clear that § 1140's exclusive administrative remedy is designed for precisely those cases in which a claimant alleges that a tax has been collected "erroneously, illegally or unconstitutionally." Following this plain language, New York courts have required claimants to apply for relief to the state tax commission where sales taxes were collected in alleged violation of law. *See, e.g.*, *CMSG Rest. Grp., LLC v. State*, 145 A.D.3d 136, 141, 40 N.Y.S.3d 412, 416 (1st Dep't 2016) ("[P]laintiffs' argument that the performances . . . were exempt from the sales taxes at issue is not properly raised in this action, due to the statute's exclusive remedy provision (Tax Law § 1140)."); *see also* *Davidson v. Rochester Tel. Corp.*, 163 A.D.2d at 802, 558 N.Y.S.2d at 1011 (holding claim that collection of sales tax was "improper, unnecessary, [and] unauthorized by law" must be "raised in an administrative proceeding" (internal quotation marks omitted)). It could hardly be otherwise, as there would be no dispute for the state tax commission to address if all parties agreed that collection of a sales tax were legal. *See generally* *S.E.C. v. Rosenthal*, 650 F.3d 156, 162 (2d Cir. 2011) ("A statute should be interpreted in a way that avoids absurd results." (internal quotation marks and alterations omitted)).

6

To the extent plaintiffs argue that the administrative review scheme is intended only for clerical miscalculations of sales tax, not errors in determining which products are statutorily exempt, that position is equally inconsistent with the statute and relevant precedent. Section 1140 nowhere distinguishes taxes assessed in an improper amount from taxes improperly assessed on exempt products. To the contrary, New York courts have concluded that the administrative scheme applies equally to cases in which the claimant alleges that sales and use taxes were erroneously assessed on a tax-exempt product or service. *See CMSG Rest. Grp., LLC v. State*, 145 A.D.3d at 141, 40 N.Y.S.3d at 416 (concluding that claim that services taxed were "exempt from the sales taxes at issue" was not properly raised due to "exclusive remedy provision"); *Davidson v. Rochester Tel. Corp.*, 163 A.D.2d at 802, 558 N.Y.S.2d at 1011 (requiring resort to administrative remedy where plaintiff alleged "that the sales tax imposed [was] within an exception in the tax statute").

c.     Constitutional Claim Unavailable

Because plaintiffs' asserted constitutional claims were not raised in the district court, they have been forfeited, and we need not consider them here. *See, e.g.*, *Mhany Mgmt., Inc. v. County of Nassau*, 819 F.3d 581, 615 (2d Cir. 2016) ("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal."). Even if plaintiffs could clear that hurdle, and even if defendants were deemed state actors for purposes of plaintiffs' constitutional challenges, those claims would fail here in any event. "The comity doctrine prohibits federal courts . . . from awarding damages personally against the taxing officials in suits contesting the

7

constitutionality of state taxes . . . so long as the plaintiffs have access to state remedies that are plain, adequate, and complete, and may ultimately seek review of the state decisions in the Supreme Court." *Abuzaid v. Mattox*, 726 F.3d 311, 315 (2d Cir. 2013) (internal quotation marks and alterations omitted). Plaintiffs do not challenge the adequacy of the mandatory state procedures at issue here.

Accordingly, we conclude that dismissal of plaintiffs' complaint was warranted for failure to comply with the exclusive remedy provision of N.Y. Tax Law § 1140.

2. Gen. Bus. Law § 349 Claim

Finally, plaintiffs argue that, even if dismissal of their state common law claims were warranted, they could independently assert a claim that defendants' improper collection of sales tax was a deceptive act or practice in violation of N.Y. Gen. Bus. Law § 349. As support, plaintiffs point only to § 349(g), which explains that this statutory cause of action applies to "all deceptive acts or practices declared to be unlawful, whether or not subject to any other law of this state." Plaintiffs do not explain why that provision abrogates the need to resort to a mandatory administrative remedy. Indeed, the cases they cite merely stand for the noncontroversial principle that the absence of a private cause of action under one statute does not necessarily foreclose an action under another. That in no way speaks to the situation presented here, where N.Y. Tax Law §§ 1139 and 1140 explicitly foreclose legal remedies other than the mandatory administrative procedure described therein to recover improperly collected sales taxes. While additional conduct causing further injury might support a § 349 claim, plaintiffs'

8

complaint alleges no actions beyond defendants' continued practice of charging sales tax on pre-packaged coffee.

Accordingly, plaintiffs' challenge to dismissal of their Gen. Bus. Law § 349 claims fails.[3]

3.    Conclusion

We have considered plaintiffs' remaining arguments and conclude that they are without merit.    Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[3]  We therefore need not address the district court's conclusion that defendants' actions in this case were not sufficiently "consumer oriented" for plaintiffs to plead a N.Y. Gen. Bus. Law § 349 claim.    App'x 145.