*Guterman v. Costco Wholesale Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term 2018

(Argued: May 24, 2019　Decided: June 12, 2019)

No. 18-3184

_____

MARK A. GUTERMAN,
individually and on behalf of all others similarly situated,

*Plaintiff-Appellant,*

-v.-

COSTCO WHOLESALE CORPORATION

*Defendant-Appellee.*

_____

Before:　　LIVINGSTON, LYNCH, and SULLIVAN, *Circuit Judges*.

Plaintiff-Appellant Mark Guterman appeals from an Opinion and Order of the United States District Court for the Southern District of New York (Karas, *J.*), dismissing Guterman's Second Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The Second Amended Complaint alleges, as relevant to this appeal, that Defendant-Appellee Costco Wholesale Corp. ("Costco") charges its customers sales tax on the full price of items subject to a manufacturer's discount in situations where New York law provides that Costco, rather than the customer, is liable for the tax. The district court

1

determined that such claims must be brought in a New York administrative proceeding under New York Tax Law § 1139, which provides the exclusive remedy for claims that a "tax, penalty or interest" was "erroneously, illegally or unconstitutionally collected." We agree with the district court. Accordingly, the judgment of the district court is AFFIRMED.

FOR PLAINTIFF-APPELLANT:      WILLIAM R. WEINSTEIN, Law Offices of William R. Weinstein, White Plains, NY.

FOR DEFENDANT-APPELLEE:      JAMES ARDEN (Caitlin N. Matheny, *on the brief*), Sidley Austin LLP, New York, NY.

PER CURIAM:

Plaintiff-Appellant Mark Guterman ("Guterman") appeals from a September 24, 2018 Opinion and Order of the United States District Court for the Southern District of New York (Karas, *J.*), dismissing Guterman's Second Amended Complaint ("SAC") for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). In this diversity case, the SAC alleges, as relevant to this appeal, that Defendant-Appellee Costco Wholesale Corp. ("Costco") charges its customers sales tax on the full price of items subject to a manufacturer's discount in situations where New York law provides that Costco, rather than the customer, is liable for the tax. The district court determined that such claims must be brought in a New York administrative proceeding under New York Tax Law ("NYTL") § 1139, which provides the exclusive remedy for claims that a

2

"tax, penalty or interest" was "erroneously, illegally or unconstitutionally collected." *Guterman v. Costco Wholesale Corp.*, 342 F. Supp. 3d 468, 477 (S.D.N.Y. 2018).

We review *de novo* a district court's grant of a motion to dismiss under Federal Rule of Civil Procedureopn 12(b)(6), accepting all factual allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff. *See Caro v. Weintraub*, 618 F.3d 94, 97 (2d Cir. 2010). Article 28 of NYTL governs New York's sales tax. In general, vendors like Costco are required to collect sales tax on behalf of their customers and remit the tax to the New York Tax Commission ("Commission"). *See* NYTL § 1131. Vendors thus collect sales tax from customers "as trustee for and on account of the state." NYTL § 1132(a)(1). Section 1139 sets out the "exclusive remedies available to any person for the review of tax liability imposed by [Article 28]," NYTL § 1140, and reads in relevant part:

> (a) In the manner provided in this section the tax commission shall refund or credit any tax, penalty or interest erroneously, illegally or unconstitutionally collected or paid if application therefor shall be filed with the tax commission (i) in the case of tax paid by the applicant to a person required to collect tax, within three years after the date when the tax was payable by such person to the tax commission . . . , or (ii) in the case of a tax, penalty or interest paid by the applicant to the tax commission, within three years after the date

3

when such amount was payable under this article . . . . No refund or credit shall be made to any person of tax which he collected from a customer until he shall first establish to the satisfaction of the tax commission, under such regulations as it may prescribe, that he has repaid such tax to the customer.

NYTL § 1139(a). Determinations made by the Commission in § 1139 proceedings may not be "enjoined or reviewed . . . by any action or proceeding other than a proceeding under article seventy-eight of the civil practice law and rules." NYTL § 1140.

Guterman argues that § 1139 creates an implied private right of action and that the district court thus erred in dismissing his claims. Guterman acknowledges that Circuit precedent "presents a formidable barrier to his claims." Reply Br. 1. We agree, and conclude that Guterman cannot surmount that formidable barrier.

In *Estler v. Dunkin' Brands, Inc.*, 691 F. App'x 3 (2d Cir. 2017), we faced a case similar to this one. There, as here, the plaintiffs alleged that they were "unlawfully charged sales tax in violation of New York state law" and brought suit in federal court rather than filing an application under § 1139. *Id.* at 4. We determined that under Article 28's statutory scheme, the § 1139 application-and-refund process is the exclusive remedy available for claims of unlawfully charged sales tax; indeed, we stated that § 1139 "makes clear that

4

§ 1140's exclusive administrative remedy is designed for precisely those cases in which a claimant alleges that a tax has been collected erroneously, illegally, or unconstitutionally." *Id.* at 6 (internal quotation marks omitted). As a result, we affirmed the dismissal of the plaintiffs' state common law and constitutional claims, as well as their claims under New York General Business Law § 349, because the claims "fail[ed] to comply with the exclusive remedy provision of [NYTL] § 1140." *Id.* at 4–5. This result was consistent with the unanimous practice of the district courts in this Circuit. *See, e.g., Kupferstein v. TJX Cos., Inc.*, 2017 WL 590324, at *2 (E.D.N.Y. Feb. 14, 2017); *Gilbert v. Home Depot*, 2014 WL 4923107, at *3 (W.D.N.Y. Sept. 30, 2014); *Cohen v. Hertz Corp.*, 2013 WL 9450421, at *3 (S.D.N.Y. Nov. 26, 2013). It was also consistent with the practice of New York courts. *See, e.g., CMSG Rest. Grp., LLC v. State*, 40 N.Y.S.3d 412, 416 (1st Dep't 2016) ("[P]laintiffs' argument that the performances . . . were exempt from the sales taxes at issue is not properly raised in this action, due to the statute's exclusive remedy provision ([NYTL] § 1140)."); *Davidson v. Rochester Tel. Corp.*, 558 N.Y.S.2d 1009, 1011 (3d Dep't 1990) (holding that claim that collection of sales tax was "improper, unnecessary, [and] unauthorized by law" must be "raised in an administrative proceeding" (internal quotation marks omitted)); *see also Metro*

5

*Enterp. Corp. v. N.Y. State Dep't of Taxation and Finance*, 2019 WL 1714928, at \*2 (3d Dep't Apr. 18, 2019) (citing NYTL § 1140 for proposition that "a taxpayer challenging a tax assessment must first exhaust the available administrative remedies prior to commencing an action").

We see no reason to decide otherwise in this case. Guterman's principal argument is that *Estler* is distinguishable because in that case the sales tax erroneously collected was conveyed directly to New York, such that New York was overpaid and the consumer's natural remedy was a refund from the New York treasury, while his contention in *this* case is that Costco charged the consumer for an amount of tax that, under the regulations governing manufacturers' coupons, was due to New York from Costco. Thus, Guterman argues, New York received only what it was owed, and the amount collected from the consumer in effect unjustly enriched Costco, not New York. Even assuming *arguendo* that Guterman's interpretation of the regulations is correct, his argument does not undermine the fact that § 1140 renders the remedies provided in § 1139 exclusive for claims that a sales tax was collected "illegally"—exactly what Guterman alleges happened here—as well as for taxes collected

"erroneously." The plain meaning of the statute governs here, just as it did in

*Estler*.

Guterman's other arguments fare no better. His argument that only tax

collectors, and not customers, are "required to file the refund claim under § 1139,"

Appellant Br. 33, is unpersuasive in light of the clear and unambiguous text of

§ 1139(a)(i) that persons who have paid tax "to a person required to collect tax"

may file an application with the Commission. His appeal to legislative history

likewise does not persuade us. *See Riley v. Cty. of Broome*, 95 N.Y.2d 455, 463–64

(2000) (noting that though legislative history can be relevant when interpreting

New York statutes, "the words of the statute are the best evidence of the

Legislature's intent," and "[a]s a general rule, unambiguous language of a statute

is alone determinative"). Moreover, § 1140 makes clear that however § 1139 is

interpreted, the application-and-refund process contained therein is the *exclusive*

remedy for claims of unlawful collection of sales tax. *See Cruz v. TD Bank, N.A.*, 22

N.Y.3d 61, 70–71 (2013) (stating that New York courts have "declined to recognize

a private right of action in instances where 'the Legislature specifically considered

and expressly provided for enforcement mechanisms' in the statute itself"

(quoting *Mark G. v. Sabol*, 93 N.Y.2d 710, 720 (1999)).

Guterman also contends that it would be futile for him to file an application under § 1139 because he would be unable to satisfy the requirement, imposed by 20 NYCRR § 534.2(a)(2)(i)(g), that applicants include in their application "a full explanation of facts on which the claim is based, including substantiation of the basis for and the amount of the claim." Guterman argues that any "substantiation" of claims against Costco must include the amount of the manufacturer's reimbursement, which he says it is impossible for customers to determine. This claim is vitiated by the SAC itself, which describes precisely how customers can determine how much they were allegedly overcharged by Costco:

> [B]y manually totaling the full price of all "A" taxable items on the receipt and applying the stated sales tax rate shown on the receipt . . . customers [can] determine that Costco has charged Sales Tax on the full price rather than the reduced price of purchased items involving the coupons.

A-27. Guterman identifies no other information that he does not or could not possess that would be required to file an application. Furthermore, if the Commission ultimately denies his application, Guterman would be entitled to appeal that denial through an Article 78 proceeding. *See* NYTL § 1140. Accordingly, such an application would not be "futile."

It is undisputed that Guterman never filed an application under § 1139 for his claims against Costco. Section 1139 proceedings are the sole remedy available

8

to him for such claims. As a result, the district court properly dismissed his NYTL claims.[1] For the same reason, the district court properly dismissed Guterman's unjust enrichment claims and his claim under New York General Business Law § 349. Guterman "cannot make an end run around the exclusive remedy provision in New York Tax Law by presenting the improper collection of sales tax as a claim under GBL § 349" or as an unjust enrichment claim. *Guterman*, 342 F. Supp. 3d at 480.

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

[1] Because we conclude that the "plain language" in §§ 1139 and 1140 "indicate the answer" to the question whether § 1139 contains an implied private right of action (no), and because there is no "split of authority" on the question in New York courts, we decline to certify the question to the New York Court of Appeals. *See McCarthy v. Olin Corp.*, 119 F.3d 148, 153 (2d Cir. 1997).